## DUVAL v. CHAUDRON.

1. The orphans' court, conceding it invested with all the powers of chancery to settle accounts against guardian and ward, cannot render a decree which has the effect to bind the ward personally. He can only become personally liable in consequence of an express promise to pay.

Writ of error to the County Court of Mobile.

DEBT, by Chaudron v. Duval. The declaration contains several counts, of which the first is in these terms, to wit:— "For that at an orphans' court of said county, held on the 15th April, 1843, that day having been appointed for an allowance and settlement of the accounts of the said plaintiff, as guardian of the said defendant; and the said plaintiff, and the said defendant, then of mature age, appearing in said court. The said accounts so reported were examined, exceptions were taken to some items therein, and it appearing to the court, from the vouchers and other evidence submitted, that the said plaintiff had expended for his ward, the said defendant, for necessaries, &c. all the moneys that had come to his hands, as guardian to the defendant, and it was found and decreed by the said court, that there was then due to the said plaintiff, as guardian, from the estate of the defendant, the sum of $553 49, and the further sum of $9 for judge's fees, as well as $7 68 for clerk's fees. Also, that the said plaintiff should be allowed $25 for his trouble in attending to said estate, which said judge's fees, clerk's costs, and allowance be and remain a charge in favor of the plaintiff. against the defendant. And the said plaintiff having thus finally settled his account, it was farther ordered that he be discharged from his said guardianship, as in and by the said decree remaining of record in said court will fully appear. Whereby, and by reason of the said several sums remaining due and unpaid, from the defendant to the said plaintiff, to wit, at the county aforesaid, he, the defendant, undertook,

and then and there faithfully agreed, to pay the said sums, but which the said defendant has neglected and refused to do, whereby an action has accrued to said plaintiff, to demand and have of the said defendant the sums of money aforesaid."

The defendant demurred to this count, as well as to each of the others, but his demurrer was overruled. Afterwards he pleaded *nul tiel record* to this count, and *nil debit* to the others. The plaintiff then asked leave to strike out the other counts, which was granted against an objection by the defendant. The court gave judgment for the plaintiff on the issue, but the entry is, that it was found for the plaintiff, by the jury, and the damages are assessed by the verdict.

At the trial of the issue, the plaintiff produced the judgment record of the settlement of the accounts by him, as guardian of the defendant, the recitals of which conform substantially to those set out in the count of the declaration previously given. The defendant objected, that this did not sustain the count; the court ruled that it did, and thereupon the defendant excepted, as well to this decision as to the permission to strike out the other counts.

The overruling the demurrer, and the several matters in the bill of exceptions are now assigned as error.

PHILLIPS, for the plaintiff in error.
TEST, contra.

GOLDTHWAITE, J.—The general duty of a guardian, with relation to his ward's estate, is to preserve the principal unimpaired, and to devote no more than the income for maintenance, education, &c. Our statute directs the guardian shall make application to the orphans' court for the sale of the lands of the ward, when his personal estate, and the rents and profits of the real estate, are not sufficient for the maintenance and education. [Dig. 268, § 6.] Much of the jurisdiction formerly vested in chancery over the persons and estates of infants, is now, by various statutes conferred on the orphans' court, but we apprehend this court can exercise such powers and authorities only, as are prescribed to it. On looking into the legislation on this subject, no act is found which gives the authority to render any decree by force of

which the ward will become personally liable to the guardian, whether for monies expended for his use or otherwise. On principle it may be questioned if a court of chancery in the exercise of plenary jurisdiction over this subject, could thus bind the person of the ward. Conceding therefore that the orphans' court now has the same jurisdiction to settle the accounts between the guardian and ward as a court of chancery, it does not follow, that when a balance is ascertained to be due to the guardian, the ward can be made personally liable to him. The moral obligation to reimburse the guardian may be perfect or imperfect, but we think it cannot be enforced by a personal suit, unless the ward has admitted its legal obligation, by an express promise to pay. As to the right of reimbursement, out of the estate of the ward, before or after he becomes of full age, we express no opinion.

In the present case, the count of the declaration on which judgment is given, deduces a promise of the ward from his supposed legal liability to the guardian, from the fact that the account on which the claim arises, was audited and allowed by the orphans' court after the defendant became of full age. It is not stated, nor can we infer, that a promise in point of fact was ever made. For this reason the declaration is defective, and the demurrer should have been sustained.

The question on the evidence is substantially the same, and need not be considered.

Judgment reversed, and if desired, the cause will be remanded.