## ALLEN & WIFE *vs.* RANEY & WIFE.

1. Neither commissioners who are appointed to make distribution of an estate, nor the Orphans' Court, have authority or jurisdiction to require one distributee to pay a sum of money to another, and such a decree, whether made by the commissioners only, or confirmed by the Orphans' Court, will not sustain an action of debt for the recovery of the money.

2. But if the parties adopted the division, with its terms, as made by the commissioners, and acted on it, or made distribution among themselves upon the same terms, they would be bound by it.

Error to the Circuit Court of Limestone. Tried before the Hon. Thomas A. Walker.

This was an action of debt, instituted by the plaintiffs against the defendants in error to recover a sum of money, which had been decreed by the commissioners who were appointed to make distribution of the estate of A. H. McKinney deceased, to be paid to Mrs. Allen (then Mrs. McKinney,) the widow of the deceased, by Mrs. Raney (then Susan McKinney,) one of the distributees of the deceased. The declaration contained two counts. The first set out the order of the Orphans' Court, appointing the commissioners to make distribution of said estate, the proceedings and decree of said commissioners, and their return to the court, and averred that their decree had been recorded in said court, and was in full force, unreversed and unsatisfied.

The second count averred an indebtedness from Mrs. Rancy to Mrs. Allen, for a "balance found due the said Sarah J. Allen, on a division of the personal estate of said decedent, and to be paid to the said Sarah J. Allen, by the said Susan Raney, then Susan McKinney, (who then and there received her portion of said estate, thus allotted her,) one of the legatees of said decedent, when she, the said Susan, should be thereunto afterwards requested." The defendants put in a general demurrer to each count, which was sustained by the court. Judgment was rendered in favor of the defendants, and the plaintiffs bring the case into this court, and assign as error the ruling of the court sustaining the demurrers.

Allen & Wife v. Raney & Wife.

E. J. JONES, for plaintiffs:

1. An action of debt will lie on an order of the County Court, directing the payment of money, which does not appear from inspection to be void.—Morrison v. Morrison, 3 Stw. 447.

2. An order of the Orphans' Court may be entitled to the dignity of a record, and may be the foundation of an action of debt, though an execution could not issue on it.—Morrison v. Morrison, 3 Stw. 447.

3. The orders of the Orphans' Court are assimilated to judgments, and conclude all previous irregularities.—Wyman v. Campbell, 6 Port. 238.

4. Judgments of law courts, decrees in chancery, and orders of Orphans' Courts, if not founded in an usurpation of authority, are conclusive till reversed.—Morrison v. Morrison, 3 Stw. 447; Wyman v. Campbell, 6 Por. 242; Perkins v. Winter, 7 Ala. 864.

5. Within three months after estate is reported solvent, court shall make an order of distribution.—Clay's Dig. 196, § 22. In this case the administrator applied for the order.

6. The jurisdiction being shown, the order is conclusive on parties, and privies, though it abound in irregularities which would authorize a revising court to reverse it.—Wyman v. Campbell, 6 Por. 236; Doe. ex dem. Duval's heirs v. McLosky, 1 Ala. 732; Perkins v. Winter, 7 Ala. 864; Moore v. Clay, 7 Ala. 752; Morrison v. Morrison, 3 Stw. 447.

7. The omission of the names of the heirs in a proceeding to sell the land of a deceased, will not render the proceedings void. Duval v. McLoskey, 1 Ala. 732.

8. The jurisdiction of the court being shown, every intendment is to be made in favor of the judgment of the court.—Key v. Vaughn, 15 Ala. 499.

9. If the first count be wrong, the second is conceived to be good beyond question.—See Chit. Plead. vol. 2, 384; 2 Greenl. Ev. 233.

R. C. BRICKELL, contra:

1. The demurrer was properly sustained. If the decree or order declared upon is to be regarded as the action of the Orphans' Court, it is void. The Orphans' Court had no power to render decrees against distributees.—Duval v. Chaudron, 19

Ala. 391; Jones & Conner v. Jemison & Stewart, 4 Ala. 632; Teat v. Lee, adm'r., 8 Por. 507.

2. If it is to be regarded as the action of the commissioners, it is void. The power conferred upon them by statute, is to make division of the estate. Beyond this, they have no powers. If the power to equalise a division, when the estate is not susceptible of an equal division, by requiring one distributee to receive property, greater in value than his distributive share, and to become chargeable to his co-distributees for the excess, be conceded to the commissioners, then the last clause of the statute is useless.—Clay's Dig. 196, § 22. For, if this can be done, in no case would a sale be necessary. The last clause of the statute cited, is as follows : "*Provided always,* That when such division and distribution cannot be equitably effected without manifest injury to the legatees, or other legal representatives, in that case, such estate shall he exposed to public sale as heretofore." What is meant by " equitably effected without manifest injury to the legatees or other legal representatives." Clearly, that the division of the estate itself shall be so effected, as not to give one distributee a larger share than another, (Teat v. Lee, adm'r., 8 Por. 507 ;) and if the division cannot be effected without doing this, then the property must be sold.

3. The Orphans' Court being the creature of the statute, and not proceeding according to the course of the common law, is confined strictly to the powers given it, and can take nothing by implication.—Leavens v. Butler et al., 8 Por. 380 ; 4 Phillips on Evidence, (Cowen and Hill's notes,) 180.

4. The case of Morrison v. Morrison, 5 Stw. 444, was relied on by the plaintiffs in error in the court below. In that case, the Orphans' Court decreed to the creditor of an insolvent estate his rateable share, and an action of debt was instituted on the decree and sustained.

The statute then in force, in reference to insolvent estates, authorized the Orphans' Court to apportion them among the creditors, and declared that after the apportionment, the administrators should be liable to creditors for their respective shares.— Laws of Ala. 329, § 33.

PARSONS, J.—The commissioners divided the estate, so as

to require payments in money from some of the legatees to others, for the purpose of equalizing the shares.

The first count states the indebtedness to have arisen solely out of this, and the plaintiffs' object was to recover one of the sums awarded by the commissioners. Resting this claim upon the decision of the commissioners, or considering that as having been confirmed by the Orphans' Court, the result must be the same; for, in either case, we can not hold that the commissioners alone, or they and the Orphans' Court, could divide and distribute the estate upon that principle, without departing from what has been fully settled in this court. It results from the cases of Teat v. Lee, adm'r. 8 Por. 507; Jones & Conner v. Jemison & Stewart, 4 Ala. 633; and Duval v. Chaudron, 10 Ala. 391; that neither the commissioners, nor the Orphans' Court, had authority or jurisdiction to require one of those parties to pay a sum of money to another, but if an equal division could not be made otherwise, a sale for that purpose might have been made under the statute.—Clay's Dig. 196, § 22. The first count was defective.

2. But if the parties adopted the division with its terms, as made by the commissioners, and acted on it, or made distribution upon the same terms among themselves, they were bound by it. And the second count, we think, was sufficient for such a cause of action. Debt lies to recover money due upon simple contracts express or implied, and whether verbal or written.— 1 Chit. Plead. 108. The second count is not drawn with technical accuracy, but it is not so defective in substance, as to be liable to a general demurrer under our statute. For the error in sustaining the demurrer to the second count, the judgment is reversed, and the cause remanded.