# Montgomery v. Gordon.

*Action to recover Money awarded by Commissioners making Partition of Decedent's Lands.*

1. *Partition of decedent's lands; award of money to equalize shares.* — Under the provisions of the Code (Rev. Code, §§ 3106–17), as under the former statutes (Clay's Digest, 196, § 22), commissioners appointed by the probate court, to make a division of a decedent's real estate among his heirs, have no power to order or award that one party shall pay a sum of money to another, in order to equalize the shares; nor can the court, by confirming the commissioners' report, impart any validity to such order; but, if the parties themselves adopt and act upon the division as made by the commissioners, taking and holding possession of their respective shares as allotted, they are bound by it, and the party to whom the money was awarded may recover it by action against the party who was ordered to pay it.

2. *Estoppel en pais, against and in favor of infant; when cause of action accrues.* — Since estoppels must be mutual, and an infant cannot be bound by an estoppel *en pais*, so he cannot claim the benefit of such estoppel against an adult; consequently, when an infant sues to enforce a right of action, springing out of the performance of acts which constitute an estoppel *en pais*, the cause of action in his

favor accrues, and the statute of limitations begins to run against him, not from the time when the acts occurred, but from the subsequent time when he attained his majority and failed to disaffirm them.

APPEAL from the Circuit Court of Autauga.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by Mrs. Mary O. Gordon, the wife of Z. P. Gordon, against William Montgomery, who was her brother; and was commenced on the 23d September, 1872. The plaintiff and defendant were children and heirs-at-law of William Montgomery, sen., deceased. The action was brought to recover the sum of $101, with interest, which was decreed by the commissioners appointed by the probate court to make a partition, or division, of the real estate belonging to said decedent, among his heirs-at-law, to be paid to the plaintiff by the defendant, in order to equalize the shares allotted to them respectively. The commissioners were appointed on the 6th November, 1865, and made a partition forthwith; but their report, though committed to writing, and sworn to before a justice of the peace on the 14th November, 1865, was not returned to the probate court until the 28th March, 1870. The complaint contained the common money counts, and also a special count, which set out the appointment of the commissioners, their action and report, and the order of the court confirming it, and averred that the report of the commissioners " was ratified and agreed to by the defendant, who, together with said plaintiff," and the other parties in interest, " went into the probate court of said county, and before the judge thereof, in open court, on the 28th day of March, 1870, ratified and agreed to said report; and the said defendant, then and there, agreed to pay plaintiff said sum of $101; " and that the defendant took possession of the lands so allotted to him by the report of said commissioners, and occupied them continuously up to the commencement of the suit, and had failed to pay the said sum of money.

The defendant pleaded, " in short by consent," the general issue, the statute of limitations of six years, and the statute of frauds; " upon which pleas the plaintiff took issue." There was a trial by jury, who returned a verdict finding " the issues " in favor of the plaintiff, and assessing her damages at $156.17; and judgment was rendered in her favor for that amount. On the trial, as the bill of exceptions recites, the plaintiff offered in evidence the decree of the probate court confirming the report of the commissioners, which recited that the parties interested appeared in court, and waived all objections to any irregularities in the report, and to the delay in making it. The defendant objected to the admission of the decree, on the ground that it was " illegal and irrelevant," and reserved

[Montgomery v. Gordon.]

an exception to the overruling of his objection. "It was in proof, also, that the distributees went into the possession of the lands, under the said division made by the commissioners, on the 1st day of January, 1866, and continued in the possession of the same down to the time of this trial; that the plaintiff was a minor at that time, and became twenty-one years of age in November, 1868; and that the parties in interest, or the distributees of said decedent's estate, were present in court when said report was received and confirmed, and made no objections thereto. This being all the evidence, the court charged the jury, at the request in writing of the plaintiff, that if they believed the evidence, they must find a verdict for the plaintiff, for the amount claimed in the complaint, with interest from the date of the division made by said commissioners; to which charge the defendant excepted."

The charge of the court, and the admission of the decree as evidence, are now assigned as error.

W. H. & W. T. NORTHINGTON, for appellant.

WATTS & TROY, contra.

BRICKELL, J. — Under the statutes prior to the Code, it was repeatedly adjudged by this court, that commissioners, appointed by the orphans' court, to make division of the estate of a decedent between his heirs and distributees, had no authority to order or require one distributee to pay another a sum of money to equalize the distribution; that their only power was to make an equal division of the estate, if it was susceptible of it, and, if not, so to report, that a sale for division and distribution could be ordered. A confirmation of the division or partition by the orphans' court, when it directed the payment of money by one distributee to another, did not impart to it validity. Teat v. Lee, 8 Porter, 507; Jones v. Jemison, 4 Ala. 633; Duval v. Chaudron, 10 Ala. 391; Allen v. Raney, 19 Ala. 68. The Code has not, in this respect, enlarged the authority of the commissioners, or the jurisdiction of the court of probate, but substantially reënacts the previous statutes. The claim of the appellee to a recovery, if it rested alone on the award of the commissioners, could not be sustained. But it fully appears that the partition made by the commissioners was adopted by the parties, recognized and acted on as valid, for such a length of time that, to permit any one of them now to repudiate it, would be a fraud on the others. For more than six years before this suit was commenced, the appellant and the appellee had each possession of the lands awarded them. Six years after the allotment, they appear in the court of probate,

and consent to its confirmation. If the allotment is not binding and conclusive, and if the appellant did not intend that it should be, he has now, and has had since the 1st January, 1866, a larger share of the estate of his ancestor than he is entitled to hold and enjoy. He has deprived the appellee of the possession and enjoyment of that full share of the estate, to which the law gave her a right. He has never taken any legal measure to vacate the partition, and obtain one conforming to the law, as he now asserts it to be. We think he has estopped himself from denying his liability to pay the appellee the sum awarded her by the commissioners. In considering the precise question here presented, this court, in *Allen* v. *Raney, supra,* said: " If the parties adopted the division, with its terms, and acted on it, or made distribution upon the same terms among themselves, they were bound by it."

2. The statute of limitations of six years was pleaded as a bar to the suit. The replication to this plea does not appear in the record; but we must presume, to support the judgment, that any replication which the facts would warrant was filed. The cause of action does not arise from the report of the commissioners to the court of probate, nor from the confirmation of the report by the court. It arises from the adoption, the ratification by the parties, of the division. The report may never have been made, or, if made, may never have been confirmed by the court; yet, if the parties adopted and acted upon it, as a division of the estate, it becomes obligatory on them, and the right of action to recover the sum awarded to be paid by the one to the other commences from this adoption. The division was adopted and acted upon by the appellant, on the first day of January, 1866, when he took possession of the lands allotted to him. Having taken possession, he was estopped from disputing the validity of the partition. The appellee then obtained possession of the lands allotted to her, but she was in infancy, and so continued until November, 1868. Arriving at full age, she remained in possession to the trial of this cause in the court below. Thereby she adopted, ratified, and acted upon the division, and became estopped from questioning its validity. Mutuality is an essential ingredient of an estoppel. The appellee, during her minority, was incapable of being affected by an estoppel *en pais,* of which fraud is not an element, and could not claim the benefit of the estoppel against the appellant. On arriving at majority, and adopting and acting upon the division, she became affected by the estoppel, of which the appellant could claim the benefit, if she subsequently impeached the division. From that time, her cause of action arises. It did not exist previously, because she could not previously claim the benefit of the estoppel against the appellant.

[Haden *v*. Ivey.]

Six years did not elapse from this time before the commencement of this suit, and, of consequence, the appellee's action was not barred.

The judgment of the circuit court is affirmed.