# Chapman *v.* Lee.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Vendor's lien; statutory bar, and staleness.*—A vendor's lien for the unpaid purchase-money of land is not lost or destroyed, because an action at law on the debt is barred by the statute of limitations; nor does it become a stale demand, within the principle applicable in equity, until the lapse of twenty years from the maturity of the debt.

2. *Vendor's remedies; election between suits at law and in equity.*—When the purchase-money of land remains unpaid after maturity, the vendor may, at one and the same time, maintain an action at law to recover it, and a bill in equity to enforce his lien on the land: the rule of practice in reference to an election between an action at law and a suit in equity, when both relate to the same demand (Code, p. 178, Rule No. 113), does not apply to such suits.

APPEAL from the Chancery Court of Sumter.

Heard before the Hon. A. W. DILLARD.

The bill in this case was filed on the 9th October, 1877, by Reuben Chapman, against the personal representative and heirs of Mrs. Susan R. Lee, deceased; and sought to enforce a vendor's lien for the unpaid purchase-money of a tract of land, which said Chapman had sold and conveyed to Mrs. Lee on the 23d September, 1858. In September, 1865, Chapman brought an action at law against Mrs. Lee's administrator, to recover an alleged unpaid balance of the purchase-money, as shown by the reports of the case, on appeal to this

[Chapman v. Lee.]

court, in 47 Ala. 143-56, and 55 Ala. 616-23. That action, after the last reversal of the cause, was still pending and un-determined, when the bill in this case was filed. The defend-ants answered the bill, and set up various defenses; among others, pleading the statute of limitations, and demurring to the bill for want of equity, on account of the staleness of the demand. Having answered, they made a motion before the chancellor, asking that the complainant be required to elect between the further prosecution of this suit and the action at law. The chancellor sustained this motion, and ordered the bill to stand dismissed at the expiration of thirty days, un-less the complainant in the meantime elected to dismiss his action at law. From this decree the complainant appeals, and here assigns it as error.

WATTS & SONS, with THOMAS COBBS, and CHAPMAN & SMITH, for appellant, cited *Duval's Heirs v. McLoskey*, 1 Ala. 708; *Relfe v. Relfe*, 34 Ala. 500; *Bizzell v. Nix*, 60 Ala. 281; *Brooks v. Woods*, 40 Ala. 538; *Driver v. Hudspeth*, 16 Ala. 348; *Micou v. Ashurst*, 55 Ala. 607; *Haley v. Bennett*, 5 Porter, 452.

SNEDECOR & COCKRELL, *contra.*—The action at law and the suit in equity are founded on the same cause of action, and bring the case precisely within the rule of practice (Rule No. 113), which requires, in such cases, " it shall be ordered that the plaintiff or claimant elect in which he will proceed, and dismiss the other." The test is, whether a satisfaction of the judgment in one case would not be also a satisfaction of the demand in the other. In the cases cited for appellant, the relation of mortgagor and mortgagee existed between the parties, and the suits at law and in equity were not "for one and the same cause of action" : the action at law was founded on the legal title, and sought to recover the land, while the suit in equity sought to disembarrass the title by foreclosing the equity of redemption. But, if the chancellor erred in re-quiring an election, the bill was, nevertheless, properly dis-missed, because of the staleness of the demand, nineteen years having elapsed since the contract of sale was made.

STONE, J.—In *Relfe v. Relfe*, 34 Ala. 500, it was said: "The liens of a vendor and a mortgagee are alike—in the same sense, and to the same extent—incidents of the debt. They are alike transferred by an assignment of the debt, and neither can survive the extinguishment of it. And the vendor and mortgagee alike have independent remedies, by taking possession, and by proceeding in chancery for a sale to pay the debt. . . So far as the question of staleness, as well

[Chapman v. Lee.]

as most other questions, is concerned, the vendor of land stands precisely as a mortgagee. . . We must adopt the same principle in reference to a vendor's bill to enforce his lien. If the vendee is regarded as holding under the vendor—if his possession is the possession of the vendor—it would be a violation of all precedent and principle to allow the acquisition of title by lapse of time. . . The law is well settled, that the only doctrine available to the mortgagor, who holds in subordination of the mortgage, is the presumption of payment after the lapse of twenty years."—*Driver v. Hudspeth*, 16 Ala. 348. This doctrine, after much deliberation, was reaffirmed in *Bizzell v. Nix*, 60 Ala. 281; a case, like the present one, in which the sale was consummated by a deed, and the debt for the purchase-money had been long barred as a claim enforceable at law.

In *Doe, ex dem. Duvall v. McLoskey*, 1 Ala. 708, 744, it was said: "A mortgagee of land has three several remedies: 1st, an action upon the bond, or other evidence of indebtedness, intended to be secured; 2d, an action to recover the possession; and, 3d, a suit in equity, with a view to a foreclosure and sale. And he may prosecute all or either of these remedies at the same time, until he obtains satisfaction."—See also, Kerr on Injunctions, 191. In support of the proposition, that the bar of a suit at law to recover the debt, is no defense to a suit in equity to enforce the lien, see Angell on Limitations, § 73; *Hopkins v. Cockerell*, 2 Gratt. 88; *Council v. Mayomensing*, 2 Barr, 224; *Belknap v. Gleason*, 11 Conn. 160; *Thayer v. Mason*, 19 Pick. 535; *Miller v. Helm*, 2 Sm. & M. 687; *Miller v. Trustees*, 5 Ib. 651; *Trotter v. Erwin*, 27 Miss. 772; *Elkins v. Edwards*, 8 Ga. 325; *Crain v. Paine*, 4 Cushing, 483; *Joy v. Adams*, 26 Me. 330; *Heyer v. Pruyn*, 7 Paige, 465.

It will be seen that, under our decisions, a vendor of lands, in the pursuit of remedies he may employ to enforce the payment of unpaid purchase-money, sustains pretty much the same relation to his vendee, as a mortgagee of real estate sustains to the mortgagor. His rights and remedies are, also, akin to those of a mortgagee, in this, that a bar of the remedy at law on the debt, is not a bar to his equitable remedy to enforce his lien. These two propositions are an answer to all that is urged in support of the decree of the chancellor. We hold that this is not a case in which the complainant can be compelled to elect between remedies, under Rule 113 of chancery practice; neither is the bill wanting in equity, because of the staleness of complainant's demand.

The decree of the chancellor is reversed, and the cause

[Malone & Foote v. Marriott.]

remanded, with orders to reinstate this cause on the docket.

BRICKELL, C, J., not sitting.

