# Terrell *v.* Cunningham.

*Bill in Equity for Partition of Lands, and to enforce Lien for Money Award on former Partition under Probate Decree.*

1. *Devise of estate for life, with remainder to "nearest of kin by blood."* Under a devise to the testator's two daughters, "to be held and kept for their sole and separate use and benefit respectively during their respective lives, and after their death to go to their nearest of kin by blood," the daughters take an estate for life, with remainder to their children as purchasers,

2. *Partition of lands under probate decree; award of money to equalize shares.*—The Probate Court, under its statutory power to make partition of lands among several tenants in common (Code, §§ 3497–3508; Rev. Code, §§ 3105–3114), can not make a division into unequal shares, and award a sum of money to equalize them; but the parties in interest may adopt and acquiesce in such partition, taking and holding possession in severalty of the shares allotted to them respectively; and when such possession has been held for a length of time sufficient to establish the fact of such acquiescence, a court of equity will uphold the partition, and enforce it in its integrity.

3. *Same; nature of such award, and when barred by lapse of time, or statute of limitations.*—Where the parties have adopted and acquiesced in such unequal partition, the award of a sum of money to equalize the shares, charged on the greater in favor of the less, is in the nature of a vendor's lien for unpaid purchase-money, and is governed by the same rules as to lapse of time and the statute of limitations.

4. *Same; where one party has life-estate only, with remainder to* VOL. LXX.

[Terrell v. Cunningham.]

*children.*—If one of the parties, to whom the smaller share is allotted, has only an estate for life, with remainder to his children at his death, he takes only an estate for life in the money awarded to make his share equal to the others; a payment of the money to him would not discharge the liability; and the right of the remainder-men to enforce the charge on the lands would not accrue until the death of the tenant for life.

5. *Liability for rents, as between tenants in common.*—As between tenants in common of lands, where there has been no actual ouster or eviction, one is not liable to the other for mere use and occupation, unless there was a contract or agreement to pay rent, or unless, the premises being rented out, one received more than his share of the rents.

APPEAL from the Chancery Court of Elmore.

Heard before the Hon. CHARLES TURNER.

The original bill in this case was filed on the 28th August, 1874, by Andrew J. Terrell and others, children of Sarah A. and Andrew J. Terrell, both deceased, and grand-children of Abel Haggerty, deceased, against Mrs. Susan A. Cunningham and her husband, W. L. Cunningham; and sought a partition of certain lands, which Jackson Haggerty, deceased, had devised to his two sisters, Mrs. Terrell and Mrs. Cunningham, with an account of the rents and profits received by each of the parties respectively; and also to enforce a charge or lien on these lands, with others, on account of a sum of money awarded by commissioners, who were appointed by the Probate Court to make a partition of the lands which had belonged to said Abel Haggerty at the time of his death, and which were devised by him to his three children, Jackson Haggerty, Mrs. Terrell, and Mrs. Cunningham, as hereinafter more particularly stated. W. T. Hatchett, who claimed an interest in a portion of the lands, under a mortgage executed by Cunningham and wife, was also made a defendant to the bill; but, as the case is here presented, it is unnecessary to notice his claim.

Abel Haggerty died in Montgomery county, where he resided, some time prior to April, 1853; and his last will and testament was there duly proved and admitted to probate on the 25th April, 1853. The 5th item of said testator's will was in these words: "All my real estate in the county of Montgomery, except some lots in the old town of Fort Jackson, I give to my son, Jackson Haggerty, and my daughters, Sarah A. Terrell and Susan A. Cunningham, to be equally divided between them;" and the 8th item was in these words: "All the estate, property, money, or things of value, which my daughters receive, or may be entitled to from my estate, the respective shares of Sarah A. Terrell and Susan A. Cunningham are to be held and kept for the sole and separate use and benefit of each of my said daughters respectively, during their respective lives, and at their death to go to their nearest of kin by blood." On the 4th May, 1853, letters testamentary on the will and

[Terrell v. Cunningham.]

estate of said Abel Haggerty were duly granted to A. J. Terrell, the father of the complainants, who was one of the persons therein named as executors; and he took charge of the estate as such executor. Jackson Haggerty afterwards died, at what particular time is not shown; and by his last will and testament, which was duly proved and admitted to probate on the 30th December, 1854, and of which A. J. Terrell and W. L. Cunningham were appointed the executors, he devised his entire estate, real and personal, after payment of his debts, to his two sisters, Mrs. Terrell and Mrs. Cunningham, "to be kept for their sole and separate use, and the use of their heirs."

On the 28th April, 1855, A. J. Terrell, as the executor of the last will and testament of Abel Haggerty, filed his petition in the Probate Court of Montgomery, asking the appointment of commissioners to divide and partition the real estate among the parties interested under the will; and commissioners were appointed as prayed, who divided the lands into three unequal shares, valued respectively at $4,930.25, $7,108.20, and $7,791.76, and awarded against the larger shares, in favor of the smallest, the sums of $498.13 and $1,181.69 respectively, to equalize the shares; and the shares then being drawn by lot, the smallest share was awarded to Mrs. Terrell, the next to Mrs. Cunningham, and the largest to said A J. Terrell and W. L. Cunningham as the executors of the last will and testament of Jackson Haggerty, deceased. The partition thus made by the commissioners was reported by them to the Probate Court, and was in all things ratified and confirmed by the court, on the 28th August, 1855. The bill alleged, and the answer admitted, that Terrell and wife and Cunningham and wife each took possession of the shares allotted to the wives respectively, and continued in undisturbed possession up to the filing of the bill. As to the land allotted to Terrell and Cunningham as executors of the will of Jackson Haggerty, deceased, the bill alleged that they were held by said Terrell and Cunningham jointly as executors until the death of Terrell in 1870, and afterwards by Cunningham as sole acting executor; while the answer of Cunningham and wife insisted that these lands were held and cultivated by said Terrell alone during his life, or were rented out by him, and went into the possession of the complainants on his death. Mrs. Terrell died, intestate, in 1865. The bill prayed a partition of the lands allotted as the share of Jackson Haggerty's estate, and an account of the rents and profits; and also sought to enforce a lien against the lands allotted to Mrs. Cunningham for $498.13, the sum awarded against it in favor of the share awarded to Mrs. Terrell, and a similar lien against the half of the Jackson Haggerty lands which might be allotted to Mrs. Cunningham under the parti-

[Terrell v. Cunningham.]

tion sought by the bill, for one-half of the $1,181.76 awarded against that share in favor of Mrs. Terrell's share, alleging that these sums had never been paid. The answer alleged that these sums had been paid, or satisfied by moneys which Terrell had received as executor, and had never accounted for; and there was a demurrer to the bill, so far as it sought relief as to these matters, for want of equity, and because the claim was barred by the lapse of time and the statute of limitations.

The chancellor overruled the demurrer for want of equity, but held the complainants' claim to relief, as to the money awarded by the commissioners on the original partition, barred by the statute of limitations; and on final hearing, on pleadings and proof, he ordered a partition of the lands awarded to Jackson Haggerty, and an account of the rents and profits. Under the reference to the register, he reported, "that A. J. Terrell occupied 130 acres of the cultivated lands on said tract, from 1854 to 1870, the date of his death, and the rent of said lands during that time was worth $3 per acre, making $6,240; that he occupied 35 acres of said tillable lands from 1863 to 1870, the rent of which was worth $4 per acre, making $980; that his heirs, and persons claiming through him, have occupied 165 acres, from 1870 up to the present time, which were worth $2 per acre, making $2,970; that W. L. Cunningham occupied 130 acres, from 1854 to 1863, which were worth $2 per acre rent, making $2,925; and that said Cunningham occupied 90 acres of the tillable land on said tract, from 1863 to the present time, which were worth $1.50 per acre rent, making $2,100." There being no exceptions to this report, it was in all things confirmed by the chancellor; and he thereupon rendered a decree in favor of Mrs. Cunningham for $1,608.19, as the balance due her on account of the rents and profits, and charged it on the lands allotted to the complainants under the former decree.

The appeal was sued out by the complainants, who assign as error the decree refusing relief as to the money awarded on the original partition, and the decree charging them with rents and profits.

R. M. WILLIAMSON, with J. M. FALKNER, and THOS. G. JONES, for appellants.—Although the unequal partition, and the award of money to equalize the shares, were unauthorized by the statute; yet the parties adopted and acquiesced in the partition as made, thereby ratifying and validating the proceedings —*Allen v. Raney*, 19 Ala. 68; *Montgomery v. Gordon*, 51 Ala. 377. The separate estate which Mrs. Cunningham holds under the will of her father, being an equitable estate, is liable for the liability thus created, as if she were sole and unmarried.—*Collins v. Rudolph*, 19 Ala. 616; *Baker v. Gregory*,

[Terrell v. Cunningham.]

28 Ala. 544; *Gunter v. Williams*, 40 Ala. 561. The statute of limitations does not apply to the case, and the only bar to relief would be the presumption of payment arising from lapse of time after the expiration of twenty years.—*Bizzell v. Nix*, 60 Ala. 281; *Chapman v. Lee*, 64 Ala. 483; *McArthur v. Carrie*, 32 Ala. 75; *High v. Worley*, 40 Ala. 171. There was no liability for use and occupation, under the facts shown by the record.—Freeman on Co-Tenancy and Partition, §§ 258, 269–77. The order of reference being erroneous, no exception to the register's report was necessary.—*Bobe v. Stickney*, 36 Ala. 482.

WATTS & SONS, *contra*.—The partition proceedings were void, not only for want of authority in the commissioners and the court to make an unequal division, and to award a sum of money to balance the disparity, but because the necessary parties were not before the court, and they could not be bound by any action on the part of those who were before the court. Mrs. Terrell and Mrs. Cunningham, having each only a life-estate, could not consent to a partition which would prejudice the rights of the remainder-men, and the executors of Jackson Haggerty's will had no authority to bind the persons interested in his estate; and these parties having no authority to make a valid partition, their acquiescence in a division which was illegal and void could not create any rights or liabilities binding on the remainder-men. If validity was imparted to the proceedings by such acquiescence, then they must be upheld in their integrity, and payment of the sums awarded to Terrell and wife, according to the terms of the award, would discharge the liability on the other shares. Terrell was the sole acting executor of Jackson Haggerty's will, and the implied promise to pay the sum awarded against that share, if such promise is to be implied, is a promise by himself as executor, to himself as trustee of his wife; and being both promisor and promisee, and having assets in his hands, the presumption of payment arises, and the debt is discharged.— *Whitworth v. Oliver*, 39 Ala. 286–93. Moreover, Jackson Haggerty's lands were devised to his sisters, subject to the payment of his debts; and if this award was a valid charge on them, the complainants took the lands subject to the charge.—3 Gratt. 148; 59 Ala. 139; 7 Paige, 421; 6 Paige, 383.

The sum awarded against Mrs. Cunningham's share has been fully paid by the rents and profits realized by Terrell and wife, as ascertained by the chancellor's decree; and if they had authority to create such a liability, they had equal power to receive payment of it. Although, under the recent case of *Bizzell v. Nix*, decided since the case was submitted to the

[Terrell v. Cunningham.]

chancellor on the demurrer, he erred in holding the statute of limitations a bar to relief as to the awards in money; yet it is evident that the decree does substantial justice, an arithmetical calculation showing that the balance found due by the final decree, founded on the register's report, was ascertained by including these money awards; thus correcting the error in the former decree, when made to appear by the decision in *Bizzell v. Nix.* Besides, the assignments of error founded on that decree can not be considered, an appeal from it being barred before the appeal was sued out.

STONE, J.—Under the will of Abel Haggerty, the interests which Mrs. Sarah A. Terrell and Mrs. Susan A. Cunningham took in the lands devised to them severally, were directed "to be held and kept for the sole and separate use and benefit of each of my said daughters respectively during their respective lives, and after their death to go to their nearest of kin by blood." The complainants in this suit are the children, and all the children, of Mrs. Terrell. She died in 1865. There can be no question, that under this will the daughters took a life-estate, and only a life-estate, in the lands devised to them by their father, Abel Haggerty; and that, at the death of Mrs. Terrell, her children, complainants in this bill, took title to the share devised to their mother, as remainder-men under the will of testator; and that as to the third part so devised by Abel Haggerty, they did not take by inheritance from their mother. She had no transmissible estate. The children are in by virtue of their own title, as purchasers, and not as heirs of their mother. *To the nearest of kin by blood* of a first taker, to whom a life-estate is expressly limited, and to take effect at the termination of that life-estate, is not too remote.

Under proceedings instituted and had in the Probate Court, the lands devised to the two daughters, and to Jackson Haggerty, their brother, were partitioned into three parcels in 1855. Before that time, Jackson Haggerty had died; and Terrell and Cunningham, husbands of his sisters, were executors of his will. By his will, Jackson Haggerty provided for the payment of his debts, and devised and bequeathed the residue of his estate equally to his two sisters, Mrs. Terrell and Mrs. Cunningham. By the terms, proceedings and decree of partition, one share was allotted to Mrs. Terrell, one to Mrs. Cunningham, and the remaining share to Terrell and Cunningham as executors. The shares were unequal in value. The share allotted to the executors of Jackson Haggerty was valued at $7,791.76; that to Mrs. Cunningham, at $7,108.20; and that to Mrs. Terrell, at $4,-930.25. To equalize these values, there would be due to the share which was allotted to Mrs. Terrell, from the share allot-

ted to Mrs. Cunningham, $498.13; and from the share allotted to Jackson Haggerty's estate, $1,181.69. For these several sums to equalize the values, there was a decree of the Probate Court that they should be severally paid to Mrs. Terrell. If they were in fact paid, we are not informed of it. But this question is immaterial, as we shall hereafter show.

The authority, conferred by statute on the Probate Court, to make partition of lands among tenants in common, is statutory. Code of 1886, §§ 3497 *et seq.* It confers no power on that court to make partition without a sale, unless the lands can be divided into shares of equal value. It follows, that the decree of the Probate Court, ordering Mrs. Cunningham and the executors of Jackson Haggerty, or, rather, the shares allotted to them, to be charged with balances in favor of Mrs. Terrell, to equalize their several shares, was, as a decree, without authority. But the parties acquiesced in the partition, took possession under it, and ever afterwards occupied severally, according to the lines of division thus ascertained. This several possession and occupancy continued, without disturbance or complaint, so far as we are informed, until this bill was filed, about nineteen years afterwards. We are not informed there has yet been any interference with these several possessions. Now, notwithstanding such partition by commissioners is invalid, for want of authority in the Probate Court to make it; yet, if the parties adopt the division with its terms, as made by the commissioners, and act on it, or make partition and distribution among themselves upon the same terms, they will be bound by it. And, where there has been adoption of, and acquiescence in the partition and distribution, for a sufficient length of time to convince the court there was an acquiescence, such partition or distribution will be upheld, and enforced in its integrity. We need scarcely add, the acquiescence in this case is sufficiently long. On these questions, there is substantially no difference between the strong averments of the bill, and the case made in the defense.—*Allen v. Raney,* 19 Ala. 68; *Teat v. Lee,* 8 Por. 507; *Jones v. Jemison,* 4 Ala. 632; *Duval v. Chaudron,* 10 Ala. 391; *Montgomery v. Gordon,* 51 Ala. 377.

By virtue of the partition, effected as shown above, the lands partitioned off to Mrs. Cunningham became debtor to the interest allotted to Mrs. Terrell in the sum of $498.13, and the lands apportioned to the estate of Jackson Haggerty, in the sum of $1,181.69; one-half of which last named sum, $590.84, would be due from the half-interest in the Jackson Haggerty land which shall be allotted to Mrs. Cunningham, in the partition under Jackson Haggerty's will. This is an original liability, existing against the land as held and owned by Jackson Haggerty's estate, because in the division there was that much

[Terrell v. Cunningham.]

more assigned to his estate, than his legitimate one-third under Abel Haggerty's will. It has the nature of purchase-money, for it represents the excess over their respective thirds, which Mrs. Cunningham and Jackson Haggerty's estate acquired in partition. They, by the unequal division, became equitable purchasers of such excess, and the balances to equalize, described above, are the purchase-money promised therefor.—*Bizzell v. Nix*, 60 Ala. 281; *Chapman v. Lee*, 64 Ala. 483.

Mrs. Terrell taking only a life-estate in the lands under her father's will, it follows, that these balances to equalize did not become her absolute property. She had but a life-estate in them, remainder to her children, as her next of kin by blood. If the principal sums had been paid to her, it would not have discharged the liability. She was entitled only to the interest during her life; and at her death, when the title to the lands vested in her children as remainder-men, their right to demand the principal of the balances to equalize also accrued. They could be treated only as money, and such is the rule when a life-estate, with remainder over, is created in money assets. *Mason v. Pate*, 34 Ala. 379.

It is objected to the present bill, so far as it seeks, by an enforcement of the vendor's lien, to collect the said balances to equalize, that it is barred by staleness, and by the statute of limitations. The rights of the present complainants to claim said sums, did not accrue until the death of their mother in 1865. The present bill was filed in 1874. There is nothing in this objection.—*Bizzell v. Nix, supra; Chapman v. Lee, supra.* The complainants were entitled to relief as to the said balances to equalize.

The chancellor also erred in the decretal order he rendered on defendant's petition, filed November 23d, 1877. That petition asked for a reference and report as to the proportion of the Jackson Haggerty land which had been used respectively by Terrell and Cunningham, and the value of the several users, as well as of the rents. It covered the entire time—that during the lives of Mr. and Mrs. Terrell, as well as the use and occupation by the remainder-men. The decretal order of reference was general, also covering the whole ground; and under it, without violating its directions, the register stated an account of the use and occupation, and of the rents, from 1854 down to the taking of the account. The decretal order should have limited the inquiry to the rents realized by the complainants in this suit, since their right to the possession accrued, and since their possession was actually taken. They are not responsible for rents, other than those received by themselves. The Jackson Haggerty lands were devised to the sole and separate use of his sisters; and if Mr. Terrell, father of the complainants,

[Johnston & Seats v. Smith's Administrator.]

possessed any of the lands after their mother's death, he was a mere wrong-doer, and they are not responsible for it. And if the complainants and Mrs. Cunningham occupied the lands, although in unequal quantities; yet, if there was no actual ouster, or eviction, of one tenant in common by the other, neither is liable to the other for mere use and occupation, unless there was a contract or agreement to pay rent, or unless, upon a letting of the premises, one tenant in common actually realized, in rents collected, an undue proportion of the use and occupation and rents. The rule, in such case, is declared in *Newbold v. Smart*, at last term. And so, Mrs. Cunningham's liability for rent, to these complainants, can not antedate the time when their right to the lands accrued; and, in all other respects, it is governed by the same rules as those above declared, defining the measure of complainants' liability. It is necessary that the account be re-taken.

Reversed and remanded, to be proceeded in according to the principles above laid down.