# Kennedy *v.* Brown.

### Bill in Equity to Foreclose Mortgage.

1. *Invalidity of mortgage of lands; purchaser at execution sale, when estopped from asserting.*—One buying lands which the vendor had encumbered by mortgage, to secure a debt to a third person, and expressly agreeing with the seller and the mortgagee to pay such debt, which is deducted from the cash payment required, subordinates his title to the mortgage, and is estopped from denying its validity; and the mortgage being duly recorded, a purchaser of the lands at a sale on execution against the vendee, merely succeeds to his rights, and is also bound by the estoppel.

APPEAL from the Chancery Court of Wilcox.

Heard before Hon. CHARLES TURNER.

The appellee, Sterling Brown, filed this bill against Francis and Mary Dulaney, Moore & Moore, and Kennedy, to foreclose a mortgage on certain lands, executed by Dulaney and his wife, and also asserting a vendor's lien on the land.

The case made by the bill, answers and testimony was this: The lands were originally the statutory estate of Mrs. Dulaney. Brown loaned her some money, which he contended was to purchase articles of comfort and support, &c., and she and her husband executed a note therefor, secured by mortgage on the lands. This mortgage was duly executed and acknowledged by Mrs. Dulaney and her husband, and recorded. After this, Mrs. Dulaney and her husband, by deed duly executed and delivered, sold and conveyed said lands, which had already been mortgaged to Brown, to Moore

& Moore. It was expressly agreed and understood orally between the Moores, Dulaney and his wife, and Brown, that the latter should have a lien on the land to the extent of the indebtedness of the Dulaneys to Brown, and the Moores agreed to pay it. The amount of this indebtedness, together with that of some debts of Mr. Dulaney to the Moores, was deducted from the cash payment, and the Moores executed their notes to the Dulaneys for the balance. The Moores entered into possession. After this, Kennedy obtained a judgment against them, and became the purchaser of the lands at execution sale. He had notice of the mortgage before his purchase, but not of any vendor's lien. Mrs. Dulaney in her answer set up the invalidity of the mortgage. The Moores did not defend, and decrees *pro confesso* were taken as to them. The chancellor decreed that Brown was entitled to relief, and had a lien on the lands, but subordinate to the lien of the note to Mrs. Dulaney for the purchase-money, which was secured by a mortgage from the Moores, and that the lands be sold, and after paying the costs and the amount due Mrs. Dulaney, so much of the residue as was necessary should be applied to the payment of the debt due to appellee. Kennedy appeals from this decree, and here assigns it as error.

COCHRAN & DAWSON, for appellant.—The mortgage to Brown was absolutely void.—*Bibb v. Pope*, 43 Ala. 190; 58 Ala. 518. Mrs. Dulaney could not transfer any part of the debt due by the Moores to her, except by instrument in writing signed by herself and husband and witnessed.—43 Ala. 654. This was done. Not having procured any transfer of any of the debt due by the Moores for the purchase-money, Brown had not and could not acquire a vendor's lien. The agreement between the parties to assume Brown's debt was verbal, and void under the statute of frauds. Kennedy had no notice of any vendor's lien. If he had notice of the mortgage, it was notice of a void instrument, which did not affect the title. He was a *bona fide* purchaser, and protected against equities of which he had no notice.

JONES & JONES, *contra*.—The statute of frauds has no application, because a part of the purchase-money was paid and the purchasers went into possession.—28 Ala. 274; 19 Ala. 481; *Byrd v. Odem*, 9 Ala. 755, and authorities cited. Besides, in this case, not only was there possession by the purchasers with the consent of the vendors, but a deed was made by the vendors and a mortgage executed by the vendees

on the lands, to secure the unpaid purchase-money, and from the cash payment the appellee's note was deducted.—*Adams v. McMillan's Ex'r*, 7 Por. 73.

2. Equity will at all times lend its aid to defeat a fraud, notwithstanding the statute of frauds.—Browne on Statute of Frauds, § 437.

3. The proof shows that the appellant was a purchaser of the Moores' interest in the lands at sheriff's sale, with notice of complainant's lien on the lands — *Williamson v. Br. B'nk of Mobile*, 7 Ala. 906. The Moores got the benefit of the Dulaneys' indebtedness to Brown on their trade for the land, and Kennedy, the appellant, who purchased their interest at sheriff's sale, can make no defense that they could not have made.

BRICKELL, C. J.—It is an undisputed fact, that the Moores expressly assumed and promised to pay the amount of the mortgage debt due to the appellee from Dulaney and wife, as a part of the purchase-money of the premises. It is also undisputed, that the amount was deducted from the purchase-money they had contracted and were bound to pay presently. Whether the debt was binding on Mrs. Dulaney, or the mortgage was valid and operative as a security, as between the appellee and Mrs. Dulaney, is not now a material question. The only title which the Moores acquired, by their own agreement, on a full and fair consideration, they subordinated to the mortgage, and they are now estopped from disputing its validity.—*Bunkley v. Lynch*, 47 Ala. 211; *Comstock v. Smith*, 26 Mich. 306; *Freeman v. Auld*, 44 N. Y. 50; 1 Jones on Mortgages, §§ 749–754. Whether the verbal agreement that the appellee should have a vendor's lien on the lands, as a security for the debt, can be enforced, it is not necessary to inquire. The invalidity of that agreement can not lessen the liability of the Moores to pay the debt, or if they do not, to allow the lands to be applied to its payment.

The estoppel resting on the Moores is equally binding on the appellant, who has merely succeeded to their rights, and to whom the registration of the mortgage was constructive notice. A person claiming title under one who is estopped, in the absence of some superior equity, is bound by the estoppel.—*McCravey v. Remson*, 19 Ala. 430; *Sikes v. Basnight*, 2 Der. & Bat. (Law) 157.

There is no error in the record prejudicial to the appellant, and the decree is affirmed.