# Hobson *v.* Wilson.

### Bill to Enforce Vendor's Lien.

(Decided November 30, 1916. 73˙ South. 332.)

1. **Vendor and Purchaser; Lien; Enforcement; Waiver.**—The evidence examined and held not to show a waiver of the vendor's lien.

2. **Same; Burden of Proof.**—Where the bill was to enforce a vendor's lien and respondent sets up a waiver of the lien, the burden of showing waiver was upon him.

3. **Same; Pleading; Defenses.**—Where the bill to enforce a vendor's lien set up the bare facts from which the lien was implied, an express waiver of the lien was defensive matter in the nature of a confession and avoidance, which respondent was bound to distinctively allege, and satisfactorily prove.

4. **Same.**—By a failure to deny the allegation of the amended bill to enforce the vendor's lien that the note for $1,860, was given for a part of the purchase money, respondent conclusively confessed such fact, and the mere denial that any portion of the purchase price is due to complainant, or that any part remains unpaid, did not suffice to avoid that result.

**5. Limitation of Action; Vendor's Lien; Laches.**—A bill to enforce a vendor's lien on land filed within ten years after the purchase money note fell due, was not barred by the limitation of ten years, nor was it subject to the defense of laches.

APPEAL from Clarke Circuit Court.
Heard before Hon. THOMAS H. SMITH.
Bill by L. M. Wilson against S. A. Hobson, to enforce a vendor's lien upon land. Decree for complaint and respondent appeals. Affirmed.

E. P. WILSON, and Q. M. TUCKER, for appellant. W. D. DUNN, and JOHN S. GRAHAM, for appellee.

SOMERVILLE, J.—The bill of complaint is filed to enforce a vendor's lien on land, and the allegations of the bill show by legal implication the existence of such a lien in favor of complainant in the sum of $1,860; this being the balance due on the purchase money, covered by respondent's promissory note executed on December 23, 1902 (the date of the conveyance), and payable one year thereafter. The answer admits the purchase of the land and the execution of the note, as alleged, but "denies that there is any portion of the purchase money for said lands due to complainant, or that any part remains unpaid," and further "denies that the complainant has any lien or claim of any kind upon said lands."

(1, 2) The evidence before the chancellor showed without dispute that the note for $1,860 was given to cover the balance due on the purchase money, and that nothing had been paid on the note. Respondent testified that it was fully and expressly understood between himself and the grantors that he should take the land free from any lien or incumbrance. Of the two grantors then present, one is now deceased, but the other testified that nothing was said about the waiver of the lien, and that neither he nor his brother made such an agreement.

We have considered all the evidence bearing upon this question. Both of these witnesses appear equally intelligent and honest, and there is nothing in the circumstances surrounding the transaction to substantially corroborate the one more than the other. In such a case, the burden of proof being upon respondent who asserts the waiver, we cannot affirm our conviction that there was an agreement of waiver between the parties, whatever may have been respondent's individual understanding and belief.

*Chapman v. Peebles,* 84 Ala. 283, 4 South. 273; *McLean v. Smith,* 108 Ala. 533, 18 South. 662.

(3) Although the point does not seem to have been noted by the chancellor, it must be remarked that the allegations of the answer do not comprehend the defense of a waiver of their lien by the vendors, and that defense might well have been excluded from his consideration. The bill exhibited the bare facts from which the lien is implied, and, if the lien was in fact expressly waived, this was defensive matter in the nature of a confession and avoidance, which respondent was bound to distinctly allege and satisfactorily prove.—*Grady v. Robinson,* 28 Ala. 289; *Chapman v. Peebles,* 84 Ala. 283, 4 South. 273. The answer to the bill contains no hint of such a waiver, and cannot support such a defense.

We have not overlooked the argument that the note for $1,860 must have included something besides the balance of the purchase money—since the deed recites the total price as being $5,635, and the evidence shows that $4,000 was paid in cash. Nevertheless, it seems clear from the testimony of respondent himself that, in the adjustment of minor considerations between the parties, they fixed the net balance due on the land at $1,860— necessarily so, because there was no other transactions between them.

(4) It must be noted here, also, that by not denying the allegation of the amended bill that a note for $1,860 was given for a portion of the purchase money—a fact necessarily within respondent's personal knowledge—that fact was conclusively confessed.—*Agnew v. McGill,* 96 Ala. 496, 11 South. 537; *Grady v. Robinson,* 28 Ala. 289. The mere denial that "any portion of the purchase money is due to complainant," or that "any part remains unpaid," does not suffice to avoid that result.

(5) The bill of complaint was filed within ten years after the purchase-money note fell due. It was therefore not barred by the limitation of ten years, nor subject to the defense of laches.— *Ware v. Curry,* 67 Ala. 274, 288; *Hood v. Hammond,* 128 Ala. 569, 578, 30 South. 540, 86 Am. St. Rep. 159.

We cannot ascribe error to the decree appealed from, and it will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.