(82 South. 495)

FIGH et al. v. TABER. (3 Div. 389.)

(Supreme Court of Alabama. June 12, 1919.)

1. MORTGAGES ⬅⬅159 — FORECLOSURE — CONSTRUCTIVE NOTICE OF EXISTENCE OF MORTGAGE.

Where a mortgagor made a declaration of trust that his interest in the land belonged to defendants' decedent, the existence of the mortgage and its record being recited, which was filed for record before the mortgage was recorded, such declaration in a suit to foreclose the mortgage constituted constructive notice to defendants for whose benefit the declaration was made, charging them with knowledge of the mortgage notwithstanding that recitals of the record of the mortgage were untrue.

2. EXECUTION ⬅⬅272(3) — RIGHTS OF PURCHASERS—CONSTRUCTIVE NOTICE.

Where mortgagor made a declaration of trust reciting the mortgage and that he held the property in trust for defendants who claimed as purchasers at an execution sale, the record of the declaration of trust constituted constructive notice of the extent of declarant's rights and title which were all defendants would take under the execution sale.

3. EXECUTION ⬅⬅264—RIGHTS OF PURCHASERS—TITLE ACQUIRED.

A purchaser at an execution sale acquires the title only of defendant in execution and stands in a position very much as a purchaser from defendant in execution would stand who took and purchased only quitclaim title.

4. NOTICE ⬅⬅6—CONSTRUCTIVE NOTICE.

Notice of facts which ought to excite inquiry and which, if pursued, would lead to knowledge of other facts, operates as notice thereof.

5. VENDOR AND PURCHASER ⬅⬅260(1)—VENDOR'S LIEN—CONSTRUCTIVE NOTICE.

Knowledge that land is not paid for is equivalent to notice of the vendor's lien.

6. EXECUTION ⬅⬅272(3) — SALES — RIGHTS OF PURCHASER—MORTGAGED PROPERTY.

A purchaser at execution sale of lands mortgaged, with actual or constructive notice of the mortgage, acquires only the equity of redemption, which is not superior to the lien of defendant's vendor, though the purchasers had no notice of such lien; the rule of caveat emptor applying in its utmost vigor and strictness.

7. LIMITATION OF ACTIONS ⬅⬅171—STATUTE AS DEFENSE.

If the statute of limitations is availing as a defense to a foreclosure suit, it is not available to defendants who are not sought to be charged personally with any debt or demand.

8. FRAUDS, STATUTE OF ⬅⬅56(4)—APPLICABILITY—VENDOR'S LIENS—PAROL EVIDENCE IDENTIFYING VENDOR'S LIEN NOTE.

Vendor's liens are not within the statute of frauds, and parol evidence to identify a note representing the purchase price recited in a declaration of trust by the purchaser in favor of a third person does not violate the statute.

9. TRUSTS ⬅⬅140(1) — RIGHTS OF BENEFICIARIES.

Where a declaration of trust by a mortgagor, stating that he held the property for the benefit of a third person, would have protected the cestui que trust as against subsequent claimants, they would also be bound thereby, in view of Code 1907, §§ 3373, 3414, providing that the record of conveyances and declarations of trust shall constitute notice.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Suit by E. R. Taber against John Figh and others to foreclose a mortgage and enforce a lien. Demurrers interposed by defendants were overruled, and they appeal. Affirmed.

Weil, Stakely & Vardaman, of Montgomery, for appellants.

Horace Stringfellow, of Montgomery, for appellee.

MAYFIELD, J. Appellee filed his bill against appellants and Alva Fitzpatrick and W. B. Davidson, to foreclose a mortgage, and to enforce another lien for a thousand dollars against the lands described in the bill and mortgage. Fitzpatrick and Davidson thus far have interposed no defense. Appellants, however, interposed demurrers, which being overruled, they prosecute this appeal.

Appellants claim title to the lands in question through the respondent Alva Fitzpatrick, and complainant also claims title through Fitzpatrick and Davidson, grantors, as mortgagors and lienors.

The case made by the bill is, in short, that on January 3, 1906, one Ivey and one Bridges conveyed to Fitzpatrick and Davidson the lands in question, and that on the day after, viz., the 4th of January, 1906, the grantees conveyed back to the grantors by mortgage, to secure the whole or part of the purchase price of the lands. On the 2d of March, 1906, practically three months after the execution of the deed and mortgage, the grantors and mortgagees transferred and assigned the mortgage to appellee. On the 22d of April, 1908, Alva Fitzpatrick executed the instrument which the attorneys for both parties call a "Declaration of Trust." Said instrument was filed for record in the county in which the land is located, viz., Coosa county, on the 2d day of May, 1908, four or five days after its execution. This instrument is witnessed by W. B. Davidson, and is in words and figures as follows:

"Alva Fitzpatrick, Declaration to B. P. Ivey, et. als.

"State of Alabama, Montgomery County.

"Know all men by these presents, that I, Alva Fitzpatrick, hereby acknowledge and declare that I have a one-third interest in the

lands conveyed to W. B. Davidson and Alva Fitzpatrick by B. P. Ivey and Edgood Bridges and their wives by deed dated the 3d day of January, 1906, and duly recorded in the office of the judge of probate of Coosa ,county in Book L of Deeds and page 199 subject to the purchase money debts against said land in the shape of a mortgage thereon duly recorded and a note of $1,000, jointly signed and made by me and the two other parties in interest.

"I further acknowledge that the interest in said land represented by me belongs to the estate of Mrs. E. M. Figh, deceased, and will on any sale or disposition of the said lands account to the heirs or representatives of said estate for such interest. .

"Witness my hand and seal this the 22d day of April, 1908.    Alva Fitzpatrick. [Seal.]

"Signed, sealed in the presence of: W. B. Davidson.

"Filed for record on the 2d day of May, 1908.

"J. A. Crawford, Judge of Probate."

While this declaration recites that the mortgage was recorded at the date of the declaration, so far as appears, it was not recorded until the 20th day of April, 1917, eleven years or more after its execution, and nine years after the date and recording of the declaration of trust.

On June 1, 1910, Mary M. Hale, as personal representative of the estate of Eliza M. Figh, obtained a judgment against Alva Fitzpatrick in the circuit court of Montgomery county for $8,908; and on the 3d day of July, 1914, a part of the land in question was sold under an execution issued on this judgment, Mary M. Hale becoming the purchaser at the price of $20; and an alias execution issued on the same judgment, and on June 18, 1917, was levied on other parts of the same land. It is also shown that Mary M. Hale was discharged as personal representative on July 31, 1916. It appears that Mary M. Hale is dead, and the suit was revived against her executor, W. D. Hale.

### Opinion.

As both parties to the appeal claim title through Alva Fitzpatrick, the main question is: Which has the better title in a court of equity? If the mortgage under which appellee claims title had been recorded prior to the execution of the declaration of trust, or the inception of the lien by virtue of the judgment or execution—under which appellants claim—then there would be no question as to the priority and superiority of appellee's title in a court of law or equity.

Appellants claim that the failure to record this mortgage until after the sale under the execution rendered it void as to them, by virtue of the statutes. Appellee claims, however, that the statutes do not apply, because appellants were not judgment creditors or lienors without notice, within the meaning of the statutes, that the declaration of trust in their favor was on record, and that it re-cited the existence of the mortgage and of the lien for $1,000, and that this trust in the land was subject to their title and liens, under which appellants claim. To this appellants reply that they do not claim under or by virtue of this declaration, but by virtue of an execution sale and deed.

So far as the bill shows, and on demurrer its averments must be taken as true, appellants are not purchasers for value, and without notice of the claims and liens of appellee.

[1] Appellants as well as appellee claim through Alva Fitzpatrick. The declaration of trust was evidently for the benefit of appellants; and hence they are chargeable under the allegations of the bill with knowledge of its contents—certainly with constructive knowledge thereof. While the recitals in it as to the mortgage being recorded were not true, yet the fact of the existence of the mortgage and the lien for $1,000 was true, and, if the notice given by these recitals had been followed up, knowledge of both the mortgage and note for $1,000 would have been acquired; and hence appellants on the face of the bill are . chargeable with such knowledge or notice.

A somewhat similar case was presented to this court in the case of Center v. P. & M. Bank et al., 22 Ala. 743, 759, wherein the court said (which mutatis mutandis, as to names, may be applied to the facts of this case):

"The recital by way of description, in the mortgage from Ross to Carothers, which was recorded within the time required by law, three years before the judgment, although it does not amount to actual notice of the contents of the deed from Carothers to Ross, yet it is notice of its existence, and is sufficient to put one who claims through Carothers, upon the lookout, and direct him to the source whence full information may be obtained. In the exercise of ordinary prudence, both the bank and Wilson should have followed up the suggestion thus given, and inquired into the true state of the title. The mortgage is not between persons who are strangers to the title, even if it be as the defendants here claim it to be. One of the parties to it is the person through whom they assert their interest, and the premises described are those they have levied on and are seeking to sell. A resort to the deed book of the clerk of the county court of Mobile county, and an examination of the land deeds to which Carothers is a party, would have also informed them that these lots had been conveyed to Ross. This examination they should have made; and, whether they did ,so or not, they will be held to know all that these records would have revealed, had such an examination taken place. Boggs v. Varner, 6 Watts & Serg. [Pa.] 469; Brandt v. Van Cortlandt, 17 Johns. [N. Y.] 335; King v. Riddle, 7 Cranch, 168 (3 L. Ed. 304); (Lessee of Bonnet v. Devebaugh) 3 Bin. 175; (Hartzell v. Brown) 5 Bin. 140."

This statement was explained in the case of Gimon v. Davis, 36 Ala. 592; but it shows

that the doctrine announced applies to the facts as recited in this bill. .

The doctrine as to notice by recorded instruments is stated in Jones on Mortgages, §§ 594, 736. The records of conveyances are constructive notice of all facts recited which are within the operation of the statutes as to recording instruments. Monroe v. Hamilton, 60 Ala. 226.

Appellants argue that if they had followed up the notice, that of the mortgage referred to in the declaration of trust, their search would have been unavailing because the mortgage was not in fact recorded, as the recital declared it was. This is true, but they would have found that it was in existence, and was as binding on the mortgagors as if it was recorded, and that they would not be purchasers for value without notice. If the mortgage had been recorded, as the declaration of trust recited it was, then there would be no question of appellee's or the mortgagee's superiority and priority of title. There would then have been no room or necessity to resort to the declaration of trust as for notice. The mortgage itself, or the record thereof, would have constituted the notice.

As to the $1,000 note, it is alleged that it was for a part of the purchase price of the land sold, and that a vendor's lien was reserved and was in force as to it. Taxing a mortgage as a part of the purchase price would not of necessity be a waiver of the lien as to this part not otherwise secured. It may be that the lien was waived; if so, it does not affirmatively appear from the face of the bill. The recitals in the declaration of trust seem to declare that the lien was reserved and recognized by the purchaser.

[2] It is perfectly certain that Fitzpatrick intended that the land should be charged with the payment of this note as a part of the purchase price, and that it should be superior to the claim of appellants. So, if they should claim or take under the declaration of trust, it would be superior to their claim. On the other hand, if they claim as purchasers at execution sale, they would take only such rights and title as Fitzpatrick, the defendant in execution, had; and the record of the declaration of trust would put them on notice just as it did as to the mortgage.

The description of the note for $1,000 is not void for uncertainty. Parol proof is admissible to make it perfectly certain. The allegations in the bill are sufficient on demurrer to show that the notes and mortgages here sought to be enforced against the lands are the same notes and mortgages referred to in the declaration of trust, and that they are the notes and mortgages assigned to complainant. Jones v. Morris, 61 Ala. 518.

[3] A purchaser at execution sale acquires the title only of the defendant in execution; the sheriff does not offer to sell, and has no authority to sell, any other title or right than that which was subject to levy and sale. Such purchaser stands in a position very much like a purchaser from the defendant in execution would stand, who took and purchased only a quitclaim title. This analogy has been pointed out by this court. In the case of Clemons et al. v. Cox et al., 114 Ala. 355, 21 South. 428, it was said:

"The rule is well established that a purchaser with notice stands in the place of his vendor, and holds his acquired title as a trustee, subject to pre-existing equities and incumbrances. Meyer Bros. v. Mitchell, 75 Ala. 475. So that, Cox, having acquired the mere naked legal title to these lands by quitclaim from Chalker, and having full notice of complainants' equitable title, like Chalker, holds his acquired title in trust for complainants.

"Nor does the defendant Morris, the purchaser of the lands at execution sale against Cox, stand in any better attitude towards complainants than Cox stood. The sheriff's deed gave him no higher rights against them than if he had bargained for and obtained a quitclaim deed from Cox. He purchased at his own risk, and he was put on inquiry as to Cox's title, which he bought subject to all pre-existing equities. Goodbar, White & Co. v. Daniel, 88 Ala. 583 [7 South. 254, 16 Am. St. Rep. 76]; Thomas v. Glazener, 90 Ala. 538 [8 South. 153, 24 Am. St. Rep. 830]; Lindsay v. Cooper, 94 Ala. 170 [11 South. 325, 16 L. R. A. 813, 33 Am. St Rep. 105]; Goetter, Weil & Co. v. Norman Bros., 107 Ala. 586, 596 [19 South. 56]."

[4] Notice of facts, which ought to excite inquiry, and which, if pursued, would lead to knowledge of other facts, operates as notice thereof. Boggs v. Price, 64 Ala. 514; M. & M. R. R. Co. v. Felrath, 67 Ala. 189.

[5] Knowledge that land is not paid for is equivalent to notice of the vendor's lien. Overall v. Taylor, 99 Ala. 12, 11 South. 738.

[6] A purchaser at execution sales of lands mortgaged acquires only the equity of redemption, which is not superior to the lien of the defendant's vendor, though the purchasers had no notice of such lien. Overall v. Taylor, supra. Of course, the purchaser must have actual or constructive notice of the mortgage, otherwise it might be void as against him. In execution sales, the rule of caveat emptor applies in its utmost vigor and strictness. Electric Lt. Co. v. Rust, 117 Ala. 680, 23 South. 751; Lindsay v. Cooper, 94 Ala. 170, 11 South. 325, 16 L. R. A. 813, 33 Am. St. Rep. 105; Lovelace v. Webb, 62 Ala. 271; Fore v. McKenzie, 58 Ala. 115; Bland v. Bowie, 53 Ala. 162.

The bill was clearly not subject to demurrer on any other grounds assigned.

[7] If the statute of limitations is availing as a defense to this suit, it is clearly not so as to these defendants, now appealing.

who are not sought to be charged personally with any debt or demand.

[8] The bill does not affirmatively show any violation of the statute of frauds. Vendor's liens are not within the statute of frauds, and, as before stated, parol evidence to identify the note referred to in the declaration of trust would not violate the statute of frauds.

[9] The declaration of trust in this case was within the protection of our statutes as to recording instruments, and was sufficient to give notice to parties claiming the land after it was recorded. It would have protected appellants as against subsequent claimants; this being true, it would seem they should be bound thereby. See Code, §§ 3414 and 3373.

If appellants have any defense against this bill, it must be set up by answer and proof. It does not appear on the face of this bill so as to be availing on demurrer.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.