159 So. 63

### PLANTERS' WAREHOUSE & COMMISSION CO. v. BARNES et al.
### 2 Div. 49.

Supreme Court of Alabama.
Nov. 22, 1934.

Rehearing Denied Jan. 24, 1935.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

McKinley & McDaniel, of Linden, for appellant.

574

J. F. Aldridge, of Eutaw, and Rushton, Crenshaw & Rushton, of Montgomery, for appellees.

THOMAS, Justice.

The bill was for an accounting for debts due complainant by tenants in common operating their lands as a partnership, and for the debt of one of the partners to complainant which the other partner for a consideration contracted to pay in purchase of the interest in the land in question.

The bill avers: That on November 2, 1912, William Scears, deceased, and one J. C. Lee owned certain described lands as tenants in common, and the latter conveyed his interest to Reginald W. Barnes; that Scears became indebted to complainant; that Scears and Barnes from and after November 30, 1912, as partners, operated said lands, contracted debts, and became indebted to complainant in this farming venture; that "on the date of his death the said William Scears in his own name, and as a member of the partnership of William Scears plantation and (or) Scears plantation, was largely indebted to your orator as hereinafter stated," and which said indebtedness with interest is still unpaid; that on September 5, 1921, the said

Scears departed this life owning an undivided one-half interest in said land and devising said and other lands to defendants and others as indicated in his will which was duly probated; that within twelve months after the death of Scears, his wife and a beneficiary under that will assumed and agreed to pay complainant all the indebtedness owing by Scears "at the time of his death," and thereafter Mr. Barnes and Mrs. Scears, "until the date of her death, as partners operated the plantation described in Section 2 of this bill, and transacted business with your orator."

It is further averred that on April 7, 1924, "the said Carrie B. Scears, who was at the time of her death a resident of Greene County, Alabama, departed this life intestate; that at the time of her death she was a widow and left her surviving as her next of kin and only heirs at law her three daughters, viz.: the said Mamie S. Sellers, who was and is the wife of Wilbur A. Sellers, Carolyn S. Palmer, who was and is the wife of William Palmer, Jr., and the said Katie S. Barnes, who was at that time the wife of the said Reginald W. Barnes and is now his widow— her said three daughters being also the daughters and the sole heirs at law and next of kin of the said William Scears, deceased; that the said Mamie S. Sellers, Carolyn S. Palmer and Katie S. Barnes inherited from their mother, the said Carrie B. Scears, deceased, the undivided one-half interest in and to the lands described in section 2 of this bill of complaint which she had acquired through the last will and testament of the said William Scears, and other property"; that on November 22, 1924, thereafter, the said Mamie S. Sellers and her husband, Wilbur A. Sellers, Carolyn S. Palmer and her husband, William M. Palmer, Jr., and the defendant Katie S. Barnes, "for a recited consideration of to-wit, $10.00, and in further consideration of the said Reginald W. Barnes' *assuming and agreeing to pay two certain mortgages executed by William Scears, Carrie B. Scears, Reginald W. Barnes and Katie S. Barnes to the Union Central Life Insurance Company and which said mortgages were alleged to have been transferred to and owned by the City National Bank of Tuscaloosa, and in further consideration of the said Reginald W. Barnes' assuming and agreeing to pay all of the outstanding indebtedness of William Scears deceased, and all of the outstanding indebtedness of Carrie B. Scears, deceased, did grant, bargain, sell and convey unto the said Reg-*

©—For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

inald W. Barnes (the husband of said Katie S. Barnes) all of their undivided one-half interest in and to the lands described in section 2 of this bill of complaint; * * * that upon the execution of the deed of which Exhibit A hereto is a copy the said Reginald W. Barnes did in fact assume and agree to pay orator the said outstanding indebtedness of the said William Scears, deceased, and the outstanding indebtedness of the said Carrie B. Scears, deceased, to your orator, and, as orator is informed and believes and on such information and belief it avers as a fact, the said Reginald W. Barnes thereafter paid the mortgage indebtedness mentioned in the deed of which Exhibit A is a copy, and also paid the indebtedness owing to certain other creditors by the said William Scears deceased and Carrie B. Scears, deceased." (Italics supplied.)

It is further averred that complainant did not know until after the death of Mr. Barnes, "of the terms, conditions or recitals in the deed, * * * nor did it know that as the purchase price or as a part of the purchase price for the one-half interest in the lands therein conveyed, or as the consideration, or as a part of the consideration, for the execution of said deed by the grantors therein named, *the said Reginald Barnes agreed to pay all of the outstanding indebtedness of the said William Scears deceased, and all of the outstanding indebtedness of the said Carrie B. Scears, deceased.*" (Italics supplied.)

It is further averred as a fact, "that the contract and agreement of the said Reginald W. Barnes, set out in Exhibit A, to pay all of the outstanding indebtedness of the said William Scears, deeased, and all of the outstanding indebtedness of the said Carrie B. Scears, deceased, created an equitable mortgage, charge or lien on the half interest in the lands conveyed to him by said deed, or a trust in said half interest in said lands, in favor or inuring to the benefit of your orator, a then existing creditor of the said William Scears, deceased, and of the said Carrie B. Scears, deceased, on the undivided half interest in the lands conveyed by said deed, as security for the payment of said indebtedness to orator; orator avers that the indebtedness of the said William Scears, deceased, and the indebtedness of the said Carrie B. Scears, deceased, to it is and are still unpaid."

It is further averred: "That the said Reginald W. Barnes was, at the time of the death of the said William Scears and at the time of the death of Carrie B. Scears, and for a long time prior thereto, and thereafter until November 22, 1924 (and he was on said date), and thereafter until his own death, secretary and treasurer of your orator, and as such at all times had charge and management of orator's business and affairs, custody of its notes, securities, evidences of debt and books of account, acted as its bookkeeper, kept its records and either personally recorded all of its business transactions or supervised the writing up of the same, and had knowledge of the indebtedness of the said William Scears, and of the said Carrie B. Scears, and of said partnerships, to your orator."

The recitals in the deed are: "That for and in consideration of the sum of Ten Dollars cash to us in hand paid by Reginald W. Barnes, the receipt whereof is hereby acknowledged, and in further consideration of the said Reginald W. Barnes assuming and agreeing to pay those two certain mortgages executed by William Scears and his wife Carrie B. Scears and by Reginald W. Barnes and his wife Katie S. Barnes to the Union Central Life Insurance Company, and which said mortgages have been transferred to, and are now held and owned by, the City National Bank of Tuscaloosa; and in further consideration of the said Reginald W. Barnes assuming and agreeing to pay all of the outstanding indebtedness of Carrie B. Scears, deceased; and assuming and agreeing to pay all of the outstanding indebtedness of William Scears, deceased, we, the undersigned Mamie S. Sellers and her husband, Wilbur A. Sellers, Carolyn S. Palmer and her husband, Williaim M. Palmer, Jr., and Katie S. Barnes, the wife of the said Reginald W. Barnes (the said Mamie S. Sellers, Carolyn S. Palmer and Katie S. Barnes being the sole surviving heirs at law and children of the said Carrie B. Scears, deceased, and of William Scears, deceased) have granted, bargained, sold and conveyed, and do by these presents grant, bargain, sell and convey unto the said Reginald W. Barnes all of our undivided half interest in and to the following described lands in Greene County, Alabama (describing the land); * * * that we do, and our heirs, executors and administrators shall, forever warrant and defend the title to the same unto the said Reginald W. Barnes and unto his heirs and assigns, against all of the lawful claim or claims of any and all persons whomsoever, except as to any claim or claims under said mortgages herein assumed by the said Reginald W. Barnes, and except as against any claim or claims against the estate of William Scears deceased and against the estate of Carrie B. Scears deceased."

The bill avers that defendants claim some interest in the subject-matter; that any interest or lien or incumbrance therein acquired by them was subsequent to the date when the deed exhibited was duly executed and recorded. An accounting is sought as to the respective indebtednesses of Scears and wife, and the declaring of an equitable mortgage and foreclosure of the instrument in question as provided in Exhibit A, on such interest in the lands so conveyed and on the contract consideration and conditions, for the benefit of the creditors of Scears and wife, of which complainant is averred to have been one, at the time of the conveyance and at and to the filing of the bill.

The defendants demurred to the bill as a whole, and separately as to paragraphs 7, 8, and 9 thereof; the decree sustaining the demurrer generally made no reference to paragraphs 7, 8, and 9, or either of said paragraphs.

The rules for an accounting, in which such relief may be had, are well understood. Julian v. Woolbert, 202 Ala. 530, 81 So. 32; Grand Bay Land Co. v. Simpson, 207 Ala. 303, 92 So. 789.

■ We come now to consider the provisions of the deed and the alleged equity of the bill as rested upon the fact that Barnes agreed to pay the debts of Mr. and Mrs. Scears, both deceased, and contracted for and agreed to make such payment as a part of the purchase price of the lands conveyed to him by the heirs or devisees of Scears. It created an equitable mortgage lien or trust (on the interest in the lands conveyed) for the benefit of complainant and existing creditors not paid, as engaged by Barnes to pay; and complainant can enforce this right in its own behalf and name. In Carver v. Eads, 65 Ala. 190, 191, Mr. Chief Justice Brickell declared, that: "When a stipulation for the benefit of a third person is inserted in a contract—as, a promise by one party to pay him a debt due and owing by the other—and this forms a part of the consideration of the contract, the promise inures to his benefit, if he elects to accept it; and he may manifest his acceptance, by resorting to any appropriate remedy, legal or equitable, for its enforcement." This rule has been followed in the later adjudicated cases in this jurisdiction. Zirkle et al. v. Hendon et al., 180 Ala. 209, 60 So. 834; Scott et al. v. Wharton et al., 226 Ala. 601, 148 So. 308; Hayes et al. v. Betts, 227 Ala. 630, 151 So. 692; Continental Casualty Co. v. Brawner, 227 Ala. 98, 148 So. 809; Maulitz v. Jones, 222 Ala. 609, 133 So. 701; Fite v. Pearson et al., 215 Ala. 521, 111 So. 15; Cockrell v. Poe et al., 100 Wash. 625, 171 P. 522, 12 A. L. R. 1524; Hare v. Murphy, 45 Neb. 809, 64 N. W. 211, 29 L. R. A. 851; Fry v. Ausman, 29 S. D. 30, 135 N. W. 708, 39 L. R. A. (N. S.) 150, Ann. Cas. 1914C, 842; 66 C. J. 1227.

■ The object of this bill is single, having for its purpose the collection of a debt, by enforcing a lien on the land securing the purchase price or a part thereof. The several defendants claiming an interest in the land are given a day in court by being made parties defendant here. It is not necessary that all the parties have an interest in all the matters in controversy; it is sufficient that each defendant have an interest in some of them, and that he is duly connected with the others. It has been stated that no universal rule is admitted to be established as to cover all possible cases. Here, all parties are interested in the decree to be rendered on the pleadings, the single purpose of which is to collect the debt due complainant as a part of the purchase price of the land. J. E. Butler & Co. v. Henry & Co., 202 Ala. 155, 79 So. 630; Henry v. Ide, 208 Ala. 33, 93 So. 860; Lowery v. May, 213 Ala. 66, 104 So. 5; Taylor et al. v. Morton et al., 227 Ala. 690, 151 So. 853; Eslava v. New York National Building & Loan Ass'n, 121 Ala. 480, 25 So. 1013.

■ The effect of the foregoing decisions is: (1) When such equitable mortgage or lien, charge, or trust in land is created for the benefit of the promisee, it may be enforced in his own name; (2) that it would violate the express intent of the parties and of the rule of equity and good conscience if such contract and lien could not be enforced in a court of conscience for the promisee, for that such result would permit the vendee to take and keep the land without payment or for a sum less than its purchase price. It is further declared by the decisions that such a conveyance is supported by a valuable and sufficient consideration to uphold the promise of the vendee to pay the agreed purchase price to a third party; and that it is not necessary that a consideration pass to the vendee from such third party beneficiary to uphold the contract and preserve the lien for its enforcement for and by such beneficiary.

■ When one purchases land belonging to a decedent's estate, and as a part of the consideration therefor agrees to pay a debt owing by decedent's estate to another, it is not necessary that such debt be filed against that

estate to support the promise; nor is it necessary to the enforcement of the vendor's lien that the heirs of such estate be personally liable for the debt. Traweek v. Hagler, 199 Ala. 664, 667, 75 So. 152; Hayes et al. v. Betts, supra; Arbo v. State Bank of Elberta, 226 Ala. 52, 145 So. 318.

■ For the purpose of clarity, we advert to the averments of the bill that William Scears died owning an undivided one-half interest in these lands (with Reginald W. Barnes) which he devised to his widow, Carrie B. Scears, and in addition thereto owned the Wills Place which he devised to his three daughters; that the said William Scears died owing the complainant a debt which is still unpaid; that within twelve months after the husband's death, Mrs. Scears assumed and agreed to pay to complainant all of the husband's indebtedness; that on April 7, 1924, Mrs. Scears died intestate and failed to pay the indebtedness in question. She left her daughters (Mamie S. Sellers, Carolyn S. Palmer, and Katie S. Barnes) as her next of kin and only heirs at law; and these daughters were also the next of kin and only heirs at law of her deceased husband. On November 22, 1924 (seven and one-half months next after the death of Mrs. Scears), these heirs at law entered into a contract with Mr. Barnes, whereby the latter (Katie Scears Barnes' husband), as we have indicated, on consideration of execution of the conveyance to him of the one-half interest in these lands, assumed and agreed to pay the outstanding mortgages on the lands, and, in addition, *all of the outstanding indebtedness* of William and Carrie B. Scears. That conveyance being delivered, was promptly and duly recorded, and the grantee therein took possession of the half interest in the lands so conveyed. At the date of the death of Mrs. Scears, she not only owned one-half interest in these lands, but other property that was liable and that might have been subject to the payment of her debts.

The conditions of the conveyance in question by the heirs of Scears to Mr. Barnes indicated that these grantors knew of the indebtedness of Mrs. Scears and the liability therefor of her properties, and, to exonerate the other properties, intended and charged the half interest in the lands conveyed to Barnes with the discharge and payment, not only of all of Mrs. Scears' debts, but also all debts owing by their father. Such was the intent and express words of the contract of the grantors and grantee of the conveyance exhibited—as a charge on said lands, the subject of this suit, creating an equitable lien or vendor's lien to that end. 66 C. J. 1227. Mr. Barnes with his privies in estate will not be permitted to retain the interest in the lands conveyed on conditions, unless he pay the purchase price fixed by the contract with the grantors, and pay the debts of Mr. and Mrs. Scears. Such is the effect in law and morals as to purchasers from him with notice, when the contract of sale and substance thereof are looked to, as will be done in a court of equity. To the enforcement thereof an equitable mortgage, charge, lien or trust in the lands will be enforced for the benefit and at the instance of these and other creditors similarly situated and within the purview and protected by and under the contract of the conveyance.

■ The bill is not subject to the grounds of demurrer challenging its sufficiency upon laches or staleness of demand. The conveyance constituted an equitable mortgage lien, claim, or trust on the lands for the benefit of the creditors who contracted for payment, was executed and delivered on November 22, 1924, and was promptly and duly recorded in the county where the land was situate. § 6860, Code; Bank of Hartford v. Buffalow, 217 Ala. 583, 117 So. 183; Guaranty Sav. Bldg. & Loan Ass'n v. Russell, 221 Ala. 32, 127 So. 186; Wittmeir v. Leonard et al., 219 Ala. 314, 122 So. 330. It is averred that complainant did not know of its contents and contract provisions until after the death of the grantee and trustee, Mr. Barnes, on October 19, 1929, who thereby engaged to pay the debts of William and Carrie B. Scears. Mrs. Scears died on April 7, 1924, and the conveyance by the heirs was made on November 22, 1924, following. The bill was filed on November 6, 1933. Shorter v. Frazer, 64 Ala. 74 (vendor's lien); Beall et al. v. Folmar, 199 Ala. 596, 75 So. 172 (enforcement of vendor's lien); Hobson v. Wilson, 197 Ala. 649, 73 So. 332 (for enforcement of payment of purchase money ten years after the sale, held not subject to laches). The bill shows Mr. Barnes was in a position of authority over the books, papers and the like of the complainant, as its secretary and treasurer, and had charge of its notes and securities, acting as he was as its bookkeeper, and had knowledge of the indebtedness of Mr. and Mrs. Scears, of the partnership of which he was a member, and complainant's interest therein. No question arose as to laches and staleness by the delay after Barnes' death.

In Salvo v. Coursey, 205 Ala. 280, 87 So. 519, a bill was maintained to enforce a ven-

dor's lien more than fifteen years after the purchase money note was executed. Hood, Adm'r, et al. v. Hammond, 128 Ala. 569, 30 So. 540, 86 Am. St. Rep. 159.

There is nothing averred in the instant bill to show a waiver of the lien or right in question, and grounds of demurrer so assenting were merely speaking demurrers.

In Traweek v. Hagler, 199 Ala. 664, 75 So. 152; Hayes et al. v. Betts, 227 Ala. 630, 151 So. 692, it is established that it is unnecessary for the preservation of a lien on lands that the claim "be filed," etc., within the statutory period, and that the statute of non-claims is no defense to a suit to enforce such a lien. Hood, Adm'r, et al. v. Hammond, supra; Beall et al. v. Folmar, 199 Ala. 596, 75 So. 172; Hobson v. Wilson, 197 Ala. 649, 73 So. 332.

■ Sections 8953–8954 of the Code do not apply to lands so acquired as indicated by the conveyance. See Wittmeir v. Leonard et al., supra; Figh v. Taber, 203 Ala. 253, 82 So. 495; Guaranty Sav. Bldg. & Loan Ass'n v. Russell, supra; Bank of Hartford v. Buffalow, 217 Ala. 583, 117 So. 183.

■ Mr. Barnes, contracting and agreeing to pay the debts of Mr. and Mrs. Scears, is not permitted to say that there was no consideration for the assumption by Mrs. Scears of and for the payment of the debts of Mr. Scears, to defeat claim for payment of or as a part of the purchase price for half interest in these lands taken and held by and under such condition. Hall v. Holly, 220 Ala. 597, 127 So. 164; Oliver v. Ala. Gold Life Insurance Co., 82 Ala. 417, 2 So. 445; Kennedy v. Brown, 61 Ala. 296.

■ The ground of demurrer that the bill does not allege possession will not avail, for this pleading was not to remove a cloud, but had for its purpose the ascertainment of complainant's claim and debt protected by the contract and secured in the payment as a part of the purchase price of that land, and for the single purpose of the enforcement of the trust or lien on the land for the payment thereof. For the purpose of such a bill, the possession of the land was not a condition precedent.

■ We have indicated that the ruling on demurrer was directed to the equity of the bill, and not a ruling on grounds directed to paragraphs 7, 8, and 9 (Oden v. King et al., 216 Ala. 504, 113 So. 609, 54 A. L. R. 1413; Wood v. Estes, 224 Ala. 140, 139 So. 331); and the foregoing will be sufficient to determine the equity of the bill. It may be observed, however, that all outstanding debts, etc., may be rendered certain by a due ascertainment, and that such provision in the contract and conveyance for their payment was not vague, indefinite, and unenforceable. Wilson & Co. v. Phillips et al., 221 Ala. 603, 130 So. 219; Montgomery & West Point Railroad Co. v. Branch, Sons & Co., 59 Ala. 139; Campbell et al. v. Goldthwaite, 189 Ala. 1, 66 So. 483; Figh v. Taber, 203 Ala. 253, 82 So. 495; Guaranty Sav. Bldg. & Loan Ass'n v. Russell, 221 Ala. 32, 127 So. 186.

There was error in sustaining demurrer to the bill, and the judgment of the circuit court, in equity, is reversed, and the cause is remanded for trial on the facts.

Reversed and remanded.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.