(87 South. 519)

**SALVO v. COURSEY et al. (7 Div. 179.)**

(Supreme Court of Alabama. Feb. 3, 1921.)

**I. Vendor and purchaser ⊚⟹278—Vendor's lien does not become stale until 20 years after due.**

The vendor's purchase-money lien note on land does not become stale nor its owner guilty of laches as a matter of law until after 20 years from the maturity of the debt, so that bill which alleged that the deed reciting the purchase-money note as part of the consideration had been recorded before the sale by the original purchaser so as to give constructive notice to subsequent purchasers, and that the defendants had actual knowledge of the note when they acquired their interests in the land, is not demurrable for staleness or laches, though it shows the note matured 15 years before suit was brought and assigned no reasons for the delay.

**2. Vendor and purchaser ⊚⟹251—Condition of payment of note held not to defeat vendor's lien.**

A note given for the balance of the purchase money of a tract of land which stated the sum due, and that it was the balance due for the land purchased, is sufficient to sustain the vendor's lien, though the maturity of the debt was conditioned upon the completion of the house then being constructed on the land by the vendor, since that condition did not change the amount of the debt, but merely imposed the burden on complainant to prove compliance therewith.

Appeal from Circuit Court, Calhoun County; C. H. Young, Special Judge.

Suit by Harry M. Salvo against N. L. Coursey and others to enforce a vendor's lien on land. From a decree sustaining demurrers to the bill, complainant appeals. Reversed, rendered, and remanded.

Lapsley & Carr, of Anniston, for appellant.

Vendor's liens do not become stale until after the lapse of 20 years. 34 Ala. 500, 73 Am. Dec. 467; 62 Ala. 330; 64 Ala. 483. Notice of the lien was given by the record of the conveyance showing the lien and carrying title. 96 Ala. 353, 11 South. 406; 85 Ala. 368, 5 South. 164, 7 Am. St. Rep. 57; 20 Ala. 95; 21 Ala. 424; 105 Ala. 451, 17 South. 221; 77 Ala. 176; 16 Cyc. 734, 747. Having given the world notice of his lien complainant was under no further duty to act in the matter. 189 U. S. 260, 23 Sup. Ct. 624, 47 L. Ed. 802; 16 Cyc. 759.

Tate & Logan and Knox, Acker, Dixon & Sterne, all of Anniston, for appellees.

Laches or staleness of demand may be raised by demurrer. 145 La. 180, 82 South. 82; 176 Ala. 281, 58 South. 201; 108 Ala. 526, 18 South. 737. Complainant was barred by staleness of demand. Authorities supra. Only good faith can call a court of conscience into activity. 153 Ala. 544, 45 South. 133, 15 Ann. Cas. 478.

MILLER, J. The complainant, Harry M. Salvo, files bill on February 27, 1920, to enforce vendor's lien on 44 acres of land in Calhoun county, Ala., for balance of purchase money, which, he claims and avers, has been due since the 1st day of January, 1905, on the following note:

"$300.00.

"I am due Harry M. Salvo the sum of three hundred dollars, for the balance due for land purchased, which said sum is to be paid by me to him in full when he has completed building the house, now being constructed and has paid

----

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

for all labor and material used in said house. This December 19, 1904.          L. Mallory."

On December 19, 1904, Harry M. Salvo sold and conveyed the land by deed to L. Mallory, for part cash and balance of purchase money, $300, recited in the deed, to be paid in accordance with the note. The deed was duly recorded in the probate office of Calhoun county, Ala., while L. Mallory owned the land. L. Mallory is dead, but during his life he sold and conveyed said land, and the title and possession of it has passed through divers persons, and it is now owned and claimed by defendant N. L. Coursey, subject to said purchase-money lien note, and then subject to mortgage given by him to his codefendant, City Bank & Trust Company. The complainant avers said note has been due since the 1st day of January, 1905.

The defendants demur to the bill of complaint as last amended and in argument insist on only four grounds of demurrer, which are in substance as follows: (1) The demand is stale; (2) the demand has been due since January 1, 1905, and no reason given for delay in seeking to collect it; (8) the special circumstances disclosed by the bill show laches existed on the part of complainant, and it would be inequitable to let complainant proceed with this litigation, etc.; (9) for the alleged vendor's lien is not to secure a specific sum of money unconditionally, but is an obligation to pay only upon certain conditions and contingencies dependent upon future occurrences, so, if there had been a sale by Mallory immediately after his purchase, before completion of the building, it could not have been known whether said land was subject to a vendor's lien, the circumstances showing that it was not intended to retain such lien, etc.

The court below sustained these demurrers, and that decree is now assigned as error.

[1] The note was given December 19, 1904. The bill to enforce it was filed February 27, 1920, 15 years 2 months and 8 days after the note was executed. The note was given, as shown on its face, for the balance due for land purchased. The deed conveying the land to L. Mallory is not copied in the transcript, but the bill avers it is attached to it as an exhibit, and that it contains as part consideration this $300 note recited in its body. It was duly recorded in the probate office of Calhoun county, Ala., before Mallory sold the land. The recital in the deed on record that there was a $300 note given for the balance of the purchase money was constructive notice to each purchaser of this 44 acres of land that the lien was unsatisfied on record, and was therefore presumed to be unpaid; and it was the duty of each purchaser to follow up this notice and see if it was paid or unpaid. The bill shows each defendant had actual notice of said purchase-money lien note before the one purchased the land and before the other loaned money on it under the mortgage. Under these allegations, which we must consider true under demurrer, the court cannot say this claim is stale, and that he is guilty of laches and should have assigned reasons for delay, and disallow and dismiss his suit.

The vendor's purchase-money lien note on land does not become stale nor does the law declare, under the facts in this case, its owner guilty of laches until after 20 years from the maturity of the debt. Phillips v. Adams, 78 Ala. 225; Relfe v. Relfe, 31 Ala. 500, 73 Am. Dec. 467; Chapman v. Lee, 64 Ala. 483; Greenlees v. Greenlees, 62 Ala. 330.

[2] This note is given for a certain sum, $300, and states it is "for balance due for land purchased." The remaining clauses do not destroy the lien and do not change the amount of the purchase-money debt, but the debt does not mature and bear interest until the conditions of the note are performed, viz. "which said sum is to be paid by me to him in full when he has completed building the house, now being constructed, and has paid for all labor and material used in said house."

The burden is on the complainant to allege and prove that the house has been completed and all labor and material used paid for, and when it was completed and paid.

The decree sustaining the demurrers to the bill of complaint as last amended by the court below is set aside. A decree will be here entered overruling said demurrers, and the cause is remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.