### HOLMAN v. HUTTO.    (4 Div. 25.)

(Supreme Court of Alabama.    June 28, 1923. Rehearing Denied Dec. 13, 1923.)

Vendor and purchaser ⮕75—Payment of balance due on purchase price held not conditional.

In suit to enforce vendor's lien for balance of purchase money on land, wherein the defendant agreed to pay plaintiff the balance sued for whenever he could secure a long-time loan in a long-time loan company on the land, held, that defendant's liability was not contingent on obtaining the loan, but that its maturity was of the date of success or failure in obtaining a loan on a pending application.

Anderson, C. J., and Gardner, J., dissenting.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Bill to enforce vendor's lien by Mrs. O. M. Holman against F. W. Hutto. From a decree for respondent, complainant appeals. Reversed and remanded.

Farmer, Merrill & Farmer, of Dothan, for appellant.

It is undisputed that defendant got the land, and owes complainant a balance on the purchase price. He cannot retain the land and refuse to pay the balance of the purchase money. 39 Cyc. 1888; Gilhan v. Walker, 135 Ala. 459, 33 South. 537; Franke & Smith v. Riggs & Mossman, 93 Ala. 252, 9 South. 359; Burch v. Driver, 205 Ala. 659, 88 South. 902.

Lee & Tompkins, of Dothan, for appellee.

The authorities cited by appellant are inapt. The trial court saw and heard the witnesses and his findings should be affirmed.

MILLER, J.  This is a bill in equity filed by Mrs. O. M. Holman, appellant, against F. W. Hutto, appellee, to enforce a vendor's lien for $175, balance of purchase money on 70 acres of land sold by her to him. The bill avers complainant in 1915 sold and con-

veyed 70 acres of land (describing it) to the defendant; that he paid all the purchase price, except $175, gave his note or written obligation for it to her; and that it is now past due and unpaid, with interest thereon since November 11, 1915. The bill by appropriate prayer seeks to have a lien for the unpaid purchase money established on the land and the lands sold to satisfy it with the interest thereon. The bill was filed April 17, 1919.

The defendant admits that he bought from complainant the land described therein, but avers that he paid all the purchase price for it to her; and that "he agreed to pay her the further sum of $175 whenever he could secure a long-time loan in a long-time loan company on said lands to the amount of $1,000." Complainant represented to him that she was then negotiating a long-time loan with a long-time loan company on the land for the sum of $1,000; that he could take up the negotiation and secure the loan. The defendant avers he executed a writing to complainant agreeing to pay her the sum of $175, "when he was able to secure a long-time loan from a long-time loan company on said lands in the sum of one thousand dollars." The defendant avers he tried diligently and faithfully to secure the $1,000 loan as aforesaid, but he has never been able to secure it, and "is not due complainant anything whatsoever."

The court on final hearing on the pleadings and proof held complainant was not entitled to the relief she seeks. The decree states:

"It appears to the court, and the court so finds, that the amount claimed by the complainant to be due her from the respondent, was balance on the purchase price of 70 acres of land bought by the respondent from the complainant and that the payment of said sum was conditioned upon the respondent procuring a long loan for $1,000 on said land through R. P. Coleman upon an application for such loan then pending; that such loan was not and has not been procured and that such nonprocurement of such loan was not due to any fault on the part of the respondent."

The court then by decree dismissed the bill, and taxed complainant with the cost. This appeal is prosecuted by complainant from that decree, and it is assigned as error. It was submitted to this court on June 7, 1923.

The complainant and her husband by warranty deed, with covenants of warranty, for recited consideration of $1,750, sold and conveyed the 70 acres of land, more or less, described in the bill, to the defendant in November, 1915. The defendant went into and still retains possession of the land. There was no fraud or misrepresentations in the transaction. The answer avers and the proof shows none. When this convey-

⮕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ance was made, there was pending with the Union Central Life Insurance Company application for a loan of $1,000 by complainant on this land; after the conveyance was made, the defendant continued in his name the application for the $1,000 loan. The insurance company approved, and offered to lend the defendant on a long-time loan the sum of $800 on this land. under testimony of witness for complainant, and defendant testified the insurance company only offered to loan him $750 on the land under this application. The defendant declined to accept the $750 or $800 long-time loan on the land. This offer to lend that amount and this refusal to accept it on the land by defendant was a short time—a few months—after the execution and delivery of the deed. The agent of the insurance company testified the defendant did not fail or refuse to take the loan because it was not for $1,000, "because I remember distinctly, in one of my conversations with him about accepting the loan after it had come, that he made the remark that he would take it, if they had approved it for $50 more than the amount they did approve it for."

After the execution of the deed, after the entire trade was consummated, except the payment of the $175, balance of purchase price, an instrument in writing was made and signed by the defendant payable to the complainant for the $175, and it was delivered to the complainant. This instrument is lost. It has not been paid. No exact copy of its verbiage is before us. The witnesses, who saw and read it, do not agree exactly as to its contents. All agree it was signed by defendant; it was payable to complainant, and it was for $175 to be paid by him to her; but when it was payable, or the condition of payment, is in dispute.

The trial court heard and saw the witnesses, except one. The deposition of only one witness is in the record. The other witnesses were examined orally in the presence of the court. We fully agree with the trial court in its finding of fact, viz. "that the amount claimed by the complainant to be due her from the respondent was balance on the purchase price of 70 acres of land bought by the respondent from the complainant"; but was the court right in finding "that the payment of said sum was conditioned upon the respondent procuring a long-time loan for $1,000 on said land through R. P. Coleman upon an application for such loan then pending?"

R. P. Coleman was the agent of the insurance company, through whom the loan was being negotiated. The defendant did pay or arrange the payment of the entire purchase price for the land, except this $175, balance due. It appears to us from the great weight of the evidence that complainant agreed with defendant to wait on him for the payment of this $175 until the loan under application then pending with the insurance company was completed. This fixed the maturity of the $175 debt; the liability of defendant for the payment of it was not dependent thereon. Before the sale complainant applied for a loan of $1,000 on the land,* informing defendant thereof. It was still pending when the land sale was made. The defendant continued the application for the loan in his name. The application for the loan was approved for the $750 or $800. The insurance company offered to lend that amount on long-time loan to the defendant. He refused to accept it. This did not pay the $175 purchase-money debt for the land: it did not cancel it; but under the agreement it became due and payable when he was offered and when he refused this loan on the land. The payment of the $175 was simply deferred under the agreement until a loan. not exactly $1,000 could be secured under the $1,000 application. That agreement fixed the maturity of the note. The defendant should have accepted the loan offered and paid the $175 to complainant, and, when he refused the loan offered, he should have then paid the $175 to complainant, for it was then due and payable. Salvo v. Coursey, 205 Ala. 280, 87 South. 519. See, also, Gillham v. Walker, 135 Ala. 459, 33 South. 537; Frank v. Riggs, 93 Ala. 252, 9 South. 359.

The complainant has a lien on the 70 acres of land for balance of the purchase price, $175, with interest, and the trial court should have so decreed.

The decree will be reversed and the cause remanded, so that the trial court may enter a decree in accordance with this opinion, and may enter such further orders and decrees therein as may be necessary to enforce this lien to collect this debt.

Reversed and remanded.

SAYRE and THOMAS, JJ., concur.
SOMERVILLE, J., concurs in result.
ANDERSON, C. J., and GARDNER, J., dissent.
McCLELLAN, J., not sitting.