(103 So. 880)

### KITCHENS v. GRICE. (7 Div. 539.)

(Supreme Court of Alabama. March 26, 1925. Rehearing Denied April 30, 1925.)

I. **Vendor and purchaser** ☞273—**Completion of title by vendor held condition precedent to maturity of purchase-money note and suit to enforce vendor's lien.**

Completion of title by vendor to half interest in lot, for which note, "not payable until title is made complete" by vendor, was given, *held* condition precedent to maturity of note and maintenance of suit to establish and enforce vendor's lien for balance of purchase money.

2. **Vendor and purchaser** ☞273—**Adverse possession by vendee under vendor's deed not completion of title by vendor within stipulation in note.**

Adverse possession of lot by purchaser for 10 years under vendor's deed would not be completion of title to half interest therein by vendor within stipulation in purchase-money note, "not payable until title is made complete" by vendor.

3. **Vendor and purchaser** ☞273—**Adverse possession under conveyance not recorded in proper county for 10 years not completion of title within stipulation of note for balance of purchase price.**

Adverse possession for 10 years under conveyance not duly recorded in county where land lies for 10 years before commencement of suit to establish and enforce vendor's lien for balance of purchase price, as required by Code 1923, § 6069, would not confer complete title to half interest in lot, on vendor's completion of title to which payment of note for balance due was conditioned.

4. **Vendor and purchaser** ☞280(1)—**Demurrers pointing out defects on face of amended bill to establish and enforce vendor's lien erroneously overruled.**

Demurrers pointing out failure, apparent on face of amended bill to establish and enforce vendor's lien, to allege facts showing maturity of note for balance due and performance of condition named therein with respect to completion of title by vendor *held* erroneously overruled.

Appeal from Circuit Court, Cleburne County; S. W. Tate, Judge.

Bill in equity by Garry Grice against J. W. Kitchens. From a decree overruling demurrers to the bill, respondent appeals. Reversed, rendered, and remanded.

Merrill & Jones, of Heflin, for appellant.

The burden is on complainant to show compliance with the condition of the note; the note does not become due until full performance of the condition. Salvo v. Coursey, 205 Ala. 280, 87 So. 519; 8 C. J. 411; Graham v. Nesmith, 18 Ala. 763; Taylor v. Rhea, Minor, 413. A claimant by adverse possession must show color of title, duly recorded, for 10 years. Earnest v. Fite, 211 Ala. 363, 100 So. 637; Cox v. Broderick, 208 Ala. 690, 95 So. 186.

Merrill & Allen, of Anniston, for appellee.

That there was a defect in title is defensive matter and cannot be raised by demurrer. Whitehurst v. Boyd, 8 Ala. 375. Defendant's undisturbed possession for a long number of years estops him from asserting a breach of the contract. Strong v. Waddell, 56 Ala. 471; Union Stave Co. v. Smith, 116 Ala. 416, 22 So. 275, 67 Am. St. Rep. 140, 39 Cyc. 1853; 27 R. C. L. 614.

MILLER, J. This is a bill in equity by Garry Grice against J. W. Kitchens to establish and enforce a vendor's lien on lot 8 in block C in the town of Heflin for the balance of the purchase money. Demurrers to the original bill were sustained by decree of the court. The bill of complaint was amended. The defendant's motion to strike the amendment was overruled by the court. The defendant demurred to the bill as amended. The court by decree overruled these demurrers. This appeal is prosecuted by the defendant from that decree; it is assigned as error; and it is the only error insisted on in brief of appellant.

[1] It appears from the bill as amended

─────────

that complainant sold and conveyed by warranty deed this lot numbered 8 to the defendant for $452.60. The defendant paid him "one-half of said amount of $456.20, and executed his promissory note to the complainant dated January 26, 1911, and payable by October 15, 1911, with interest after maturity." Complainant avers defendant, in the note, "waived exemptions as to personal property as against the collection of this note," and agreed to pay 10 per cent. attorney's fee in case it was placed in the hands of an attorney for collection, "and that the note has not been paid, and is still due and unpaid." The complainant in the amended bill further alleges:

"That there is a stipulation in said note which is in words and figures as follows: 'This note is for one-half interest in lot 8 in block C, in the town of Heflin, Ala., and not payable until title is made complete by Garry Grice.' And complainant avers that the respondent is now in the peaceable and adverse possession of the same under the deed executed to him by complainant for more than 10 years; that respondent has enjoyed the income from said property since he has been in possession of the same, no part of which has been paid to the complainant; that respondent's title has been made complete by reason of his adverse possession of the same as against the world for more than 10 years and since the same was conveyed by him to the complainant."

It appears from these averments that complainant sold and conveyed the entire lot to the defendant for $452.60; the defendant paid him $226.30, one-half of the purchase price; gave his note for $226.30, which was accepted by complainant with the following therein:

"This note is for one-half interest in lot 8 in block C in the town of Heflin, Ala., and not payable until title is made complete by Garry Grice."

From these averments we hold that complainant sold and conveyed the entire lot to defendant; the title to one-half of the lot was complete, good, satisfactory to defendant, and he paid for it, but the title to the other one-half interest in the lot was not complete, not conveyed by the deed, and this note was given for this one-half interest, and under their agreement the note was not payable until the title to it, this one-half interest in the lot, was made complete by Garry Grice, the complainant, securing the title and making it complete in the defendant. It is evident there was some defect or incompleteness in the title of complainant in one-half interest in this lot, and this note for its purchase price was not to be paid until the vendor, the complainant, completed the title to it, and the defendant secured it. The defect in the title to this one-half interest does not appear in the complaint.

In 8 Corpus Juris, 411, § 607, we find the following text:

"If a note or other paper is made payable on the happening of a contingency or the performance of a condition, it becomes due and payable, both for the purpose of an action and for the purpose of the running of limitations, as soon as the contingency or condition is performed or fulfilled, and as a general rule does not become due and payable until then."

The foregoing principle has support in Nelson v. Manning, 53 Ala. 549. See, also, Graham v. Nesmith, 18 Ala. 763.

This note does not become due and payable until the condition therein named has been performed. If the condition was performed by complainant before October 15, 1911, then that was the maturity of the note; and if it was not performed by complainant before the 15th of October, 1911, then the defendant is not liable for its payment until performance of the condition, and it does not mature until the condition has been performed by the complainant. The performance by complainant completing the title is a condition precedent to the maturity of the note, and the liability of defendant to pay it. Taylor v. Rhea, Minor, 414; Graham v. Nesmith, 18 Ala. 763; Salvo v. Coursey, 205 Ala. 280, 87 So. 519; Whitehurst v. Boyd, 8 Ala. 375; Holman v. Hutto, 210 Ala. 434, 98 So. 188.

The complainant cannot maintain this action until the maturity of the note and the performance by him of the condition named therein. This burden of allegation and proof rests on him under the averments of the amended complaint. Salvo v. Coursey, 205 Ala. 280, 87 So. 519, and authorities supra.

[2, 3] The defendant attempts to meet this burden by alleging defendant has been in adverse possession of this lot for 10 years under the conveyance made by complainant. This, if sufficient, is not available to the complainant under the contract, because it would not be a completion of the title to this one-half interest in the lot by him. It would be a completion of it by the defendant. Nevertheless, this, as averred, is insufficient, as it fails to allege defendant has been in adverse possession of this lot for 10 years under this conveyance, which was duly recorded in the office of the judge of probate in the county in which the land lies for 10 years before the commencement of this action. Section 2830, Code 1907; section 6069, Code 1923. And it is evident and obvious that this would not confer or complete title in all instances to this one-half interest in the lot.

[4] The complaint as amended fails to allege facts showing the maturity of the note and the performance of the condition named therein by the complainant before the commencement of this suit. These defects appear on the face of the amended bill, and are pointed out by the demurrers. The court erred in overruling them. Authorities supra. They should have been sustained by the court. A decree sustaining the demur-

rers of the defendant to the bill as amended will be entered here.

For the error mentioned, the decree is reversed, one is here rendered in accordance with this opinion, and the cause is remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.