(109 So. 154)

**GRICE v. KITCHENS. (7 Div. 632.)**

(Supreme Court of Alabama. June 17, 1926.)

**1. Vendor and purchaser ⬥273.**

Purchaser's title by adverse possession under vendor's deed *held* not to fulfill condition in note that "title is to be made complete" by vendor, which was condition precedent to suit to enforce vendor's lien.

**2. Vendor and purchaser ⬥273—Vendor cannot compel purchaser to allow him to bring suit to quiet title in order to complete title, which was condition precedent to suit to enforce vendor's lien, after purchaser had established title by adverse possession.**

Vendor cannot compel purchaser to allow him to bring suit to quiet title in latter 10 years after sale, when purchaser had established title by adverse possession, in order to complete title, which was condition precedent to suit to enforce vendor's lien, especially where he did not offer to indemnify purchaser against costs.

Appeal from Circuit Court, Cleburne County; R. B. Carr, Judge.

Bill in equity by Garry Grice against J. W. Kitchens to enforce vendor's lien. From a decree sustaining demurrer to the bill, complainant appeals. Affirmed.

Merrill, Field & Allen, of Anniston, for appellant.

Vendor may recover the amount of purchase price retained by vendee, where an anticipated claim on the property conveyed was never made and has become barred. Boyle v. Rowand, 3 Desaus. (S. C.) 555; 30 Cyc. 1324; 27 R. C. L. 503; Piedmont Co. v. Green, 3 W. Va. 54, 98 Am. Dec. 799.

Merrill & Jones, of Heflin, for appellee.

The complainant cannot maintain the action until maturity of the note and performance of the condition. Kitchens v. Grice, 212 Ala. 674, 103 So. 880. Equity will not aid one guilty of laches. Gayle v. Pennington, 185 Ala. 53, 64 So. 572. Complainant was entitled to use respondent's name upon indemnifying respondent against costs. Ala. Power Co. v. Hamilton, 201 Ala. 62, 77 So. 356.

ANDERSON, C. J. [1] This case has been before this court before (212 Ala. 674, 103 So. 880) when it was held that the bill of complaint was defective and subject to the demurrer. While the bill was amended, it still contains the provision in the note as to the condition upon which the same was to be paid; that is, "not until title is to be made complete by Garry Grice." There is nothing in the bill to show that said Grice had completed the title, but it relies upon the completion of same by the respondent through an adverse possession of 10 years. The condition in the note did not contemplate that it was to be paid when the respondent gained a title to the land by 10 years' adverse possession, but when the complainant established a complete title showing that he had the right to convey the land under the deed he executed to the respondent.

[2] The bill avers an offer on complainant's part and a refusal by the respondent to prosecute a suit in the name of the respondent to quiet or perfect the title. This he no doubt had the right to do upon indemnifying the respondent as to cost, the respondent and not the complainant being in the possession of the land, but this offer should have been prompt and seasonable and not after the expiration of 10 years from the sale of the land and after the respondent established a title by adverse possession. From aught appearing, the complainant was guilty of laches in offering to prosecute the suit for the respondent. Moreover, the bill does not aver an offer to indemnify the respondent against cost, though this particular point was not taken by demurrer, but the grounds that were interposed were well taken, and the decree of the circuit court, in sustaining said demurrer, is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes